*1378 Opinion for the court filed by Circuit Judge MOORE.
Dissenting opinion filed by Circuit Judge NEWMAN.
MOORE, Circuit Judge.
Mr. Leland Hargrove appeals the denial of his petition for a writ of mandamus by the Veterans Court. Hargrove v. Shinseki, No. 09-2657, slip op., 2009 WL 3493019 (C.A.V.C. Oct. 27, 2009). No other issue is properly before us. Because Mr. Hargrove had not exhausted his administrative remedies before filing his petition — indeed, he still had time to appeal through the administrative process when the court issued its denial — the Veterans Court did not abuse its discretion in denying mandamus. Accordingly, we affirm the Veterans Court’s decision.
On September 30, 2008, the Regional Office (RO) sent Mr. Hargrove a letter proposing a reduction in Mr. Hargrove’s disability rating. The proposed reduction invited Mr. Hargrove to “submit medical or other evidence to show that we should not make this change” within 60 days of receiving the letter. Between October 23, 2008 and December 1, 2008, Mr. Hargrove sent three letters to the RO requesting a copy of the examination report, disagreeing with the proposed reduction, and providing additional medical information. The RO provided Mr. Hargrove a copy of the examination report and considered the additional information in making its final decision. It did not treat his correspondence as a Notice of Disagreement (NOD) because it was received before the RO issued its final decision.
By letter dated February 25, 2009, the RO issued its final decision reducing Mr. Hargrove’s disability rating from 60 percent to 20 percent. Mr. Hargrove subsequently filed his petition for writ of mandamus with the Veterans Court asserting that the VA failed to recognize his correspondence sent on November 29, 2008 as a NOD, issue him a Statement of the Case (SOC), and assist him in developing evidence to support his claim.
In its order issued on October 27, 2009, the Veterans Court reviewed the three conditions that must be satisfied before a writ of a mandamus may issue: (1) the petitioner must lack an adequate alternative means to attain relief; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted. Hargrove, slip op. at 2 (citing Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)). The Veterans Court denied Mr. Hargrove’s mandamus petition finding that Mr. Hargrove was not without adequate remedy because the traditional appeal and administrative processes had been and were still available. Id. at 3-4. According to the Veterans Court, “the petitioner has not demonstrated that he has exhausted his administrative remedies.” Id. at 9.
The Veterans Court explained that Mr. Hargrove could still appeal the February 2009 final decision by filing a NOD by February 25, 2010. “If the petitioner is dissatisfied with the February 2009 RO decision, the petitioner may avail himself of VA’s appellate process by filing an NOD as to that decision.” Id. The Veterans Court further explained that Mr. Hargrove could argue to the Board that the VA failed to properly assist him in obtaining the medical evidence necessary to support his claims. Id. Finally, the court explained that Mr. Hargrove could also appeal the *1379 VA’s decision that his correspondence was not a NOD because it was premature. Id.
The Veterans Court correctly denied Mr. Hargrove’s petition. A writ of mandamus is an “extraordinary remedy.” Mukand Int’l, Ltd. v. United States, 502 F.3d 1366, 1369 (Fed.Cir.2007); Cheney, 542 U.S. at 381, 124 S.Ct. 2576 (referring to the writ as “one of ‘the most potent weapons in the judicial arsenal’ ”). The only issue before the Veterans Court was whether to grant petitioner a writ of mandamus. In light of the fact that Mr. Har-grove had an adequate alternative means to attain the relief he requested, the Veterans Court properly denied the writ of mandamus. The Supreme Court explained in Cheney, “the party seeking issuance of the writ must have no other adequate means to attain the relief he desires — a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.” Cheney, 542 U.S. at 380-81, 124 S.Ct. 2576 (internal quotation marks omitted); Lamb v. Principi, 284 F.3d 1378, 1384 (Fed.Cir.2002). The Veterans Court’s October 27, 2009 decision explained to Mr. Hargrove that he had until February 25, 2010 to file a NOD to the VA and have administrative review of all of the issues he raised. The Veterans Court did not decide whether the VA was correct when it failed to treat Mr. Har-grove’s three letters sent prior to the final rating reduction as NODs because Mr. Hargrove could still appeal that issue (along with all his others) through the administrative process. We likewise express no opinion on whether the VA should have treated those letters as NODs because that issue is not before us.[1] The only issue on appeal to this court is whether the Veterans Court properly denied a petition for writ of mandamus when Mr. Hargrove could still avail himself of his administrative appeal rights. We conclude the Veterans Court properly denied the writ of mandamus.
For the forgoing reasons, we affirm the Veterans Court’s denial of a writ of mandamus.
AFFIRMED
Costs
No costs.

. We likewise express no opinion on whether the failure to treat Mr. Hargrove’s correspondence as NODs is now final or remains open and appealable. See AG v. Peake, 536 F.3d 1306, 1310-11 (Fed.Cir.2008).