NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ROBERT F. MALONEY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7013

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2254, Chief Judge Bruce Kasold.

---

Decided: March 10, 2011

---

ROBERT F. MALONEY, Boynton Beach, Florida, pro se.

MICHAEL N. O'CONNELL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLINE E. WHITE, JR., Assistant Director.

_____

Before NEWMAN, CLEVENGER, and LINN, *Circuit Judges*.

PER CURIAM.

Robert F. Maloney appeals the United States Court of Appeals for Veterans Claims ("Veterans Court") order denying his petition for a writ of mandamus. *Maloney v. Shinseki*, No. 10-2254, 2010 WL 3314620 (Vet. App. Aug. 24, 2010). Because the Veterans Court did not abuse its discretion in denying Mr. Maloney's petition, we *affirm*.

I

Mr. Maloney appealed to the Veterans Court an April 22, 2005 decision of the Board of Veterans' Appeals ("Board") that denied his claim for reimbursement of medical expenses related to care for non-service-connected disabilities. On appeal, Mr. Maloney contended that the Board erred in denying him reimbursement for outpatient and inpatient care because he did not have Medicare Part B. The Veterans Court affirmed the decision of the Board on May 7, 2008, and Mr. Maloney filed a motion for reconsideration. Upon reconsideration, the Veterans Court affirmed the Board's decision with respect to reimbursement for expenses he incurred related to the outpatient care he received, but remanded the Board's decision with respect to reimbursement for his inpatient expenses because the Board's statement of reasons was not clear. *See Maloney v. Peake*, No. 05-2383, 2008 WL 4414290 (Vet. App. Sept. 24, 2008).

On June 18, 2010, while his claim was still pending before the Board, Mr. Maloney filed a communication with the Veterans Court, which it construed as a petition for a writ of mandamus. Specifically, Mr. Maloney re-

quested the Veterans Court to enforce its September 24, 2008 decision. The Veterans Court, citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004), held that Mr. Maloney failed to demonstrate: (1) a refusal by the Secretary to perform a mandatory duty; (2) a clear and indisputable right to a writ of mandamus; and (3) lack of an adequate alternative to attain the desired relief since Mr. Maloney had the right to perfect his appeal to the Board. Accordingly, on August 24, 2010, the Veterans Court denied Mr. Maloney's petition. Mr. Maloney timely appealed to this court.

## II

We have jurisdiction over Mr. Maloney's appeal. *See Hargrove v. Shinseki*, --- F.3d ---, 2011 WL 43708 (Fed. Cir. Jan. 6, 2011). Because "[i]ssuance of the writ is in large part a matter of discretion with the court to which the petition is addressed," *Kerr v. United States Dist. Court for N.D. Cal.*, 426 U.S. 394, 403 (1976), we review the Veterans Court's decision in this case for abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

## III

Mr. Maloney challenges the Veterans Court's denial of his petition. To obtain a writ of mandamus, a petitioner must demonstrate that he lacks an adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, and that he has a clear and undisputable right to the writ. *Cheney*, 542 U.S. at 380-81. We have carefully reviewed the record, and we find no ground to support the issuance of a writ of mandamus. Indeed, as the Veterans Court found, because Mr. Maloney had the right to perfect his appeal to the Board, he failed to demonstrate that he lacks an adequate alternative means to attain relief.

Additionally, Mr. Maloney has not demonstrated a clear and indisputable right to the writ. We thus see no grounds to disturb the decision of the Veterans Court, which we affirm.

## **AFFIRMED**

### COSTS

No costs.