NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE C. SMALLS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7089

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-4297, Judge William A. Moorman.

---

Decided: July 12, 2011

---

EUGENE C. SMALLS, of Seminole, Florida, pro se.

CARRIE A. DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and HAROLD D. LESTER, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and LARA K. EILHARDT, Attorney, of United States Department of Veterans Affairs, of Washington, DC.

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Eugene C. Smalls appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying a petition for a writ of mandamus. We *affirm*.

## I. BACKGROUND

Mr. Smalls served as a Marine on active duty from June 1978 to December 1980. Thereafter, the Department of Veterans Affairs ("VA") regional office ("RO") granted Mr. Smalls a service connection for bilateral pes planus with bilateral ankle pain and plantar fasciitis.[1] In January 2005, Mr. Smalls obtained another service connection for bilateral pes plano valgus and tarsal tunnel syndrome.[2] When granting this second service connection, the RO combined it with the first service connection and labeled the entire disability "bilateral pes planus/pes plano valgus with bilateral ankle pain, plantar fasciitis and tarsal tunnel syndrome." The RO then rated the combined disability fifty percent disabling.

---

[1] Pes planus and plantar fasciitis are ailments associated with the arches of the feet.

[2] Bilateral pes plano valgus and tarsal tunnel syndrome are also foot ailments.

Mr. Smalls appealed the RO's decision to the Board of Veterans' Appeals ("Board"), asserting, among other things, that he is entitled to one compensable rating for the injuries associated with his first service connection and a separate compensable rating for the injuries associated with his second service connection.  On September 22, 2010, the Board issued two decisions addressing the various arguments raised by Mr. Smalls.  One decision addressed sixteen issues, including whether the injuries underlying the first and second service connections should be combined and treated as one disability.  In this decision, the Board adjudicated some of Mr. Smalls's claims and remanded others back to the RO.  One of the remanded issues was whether the first and second service connections should be treated as one disability given the fact that Mr. Smalls's failed to attend a VA podiatric examination scheduled for March 2004.

The other Board decision addressed three claims, including claims for an increased rating for knee disabilities stemming from Mr. Smalls's foot ailments.  The Board remanded all three matters to the RO so that the RO could provide Mr. Smalls with an opportunity for a video conference hearing.

After the two Board decisions issued, Mr. Smalls filed a petition for a writ of mandamus with the Veterans Court.  In this petition, Mr. Smalls asked the court to grant him "an initial rating of 30% or more for service-connected pes planus/or pes plano valgus type III bilateral" and asserted that the initial rating was "not based on factual medical evidence."  Mr. Smalls also requested the court "to issue a writ of mandamus compelling the local [RO] and the [Board] to render a [d]ecision [on his clear and unmistakable error ("CUE") claim for an earlier effective date for pes planus] without and further delay."

The Veterans Court denied the writ on February 11, 2011, explaining that Mr. Smalls had previously appealed claims from the September 22, 2010 Board decision to the Veterans Court and that other claims from that decision were pending before the VA. The Veterans Court explained that Mr. Smalls had, inter alia, argued "that VA has unreasonably delayed issuing a decision on his [CUE] claim." *Smalls v. Shinseki*, No. 10-4297, slip op. at 1 (Vet. App. Feb. 11, 2011). Because Mr. Smalls had other administrative procedural avenues available to him, the Veterans Court held that granting an extraordinary means of relief such as a writ of mandamus would be inappropriate. Mr. Smalls subsequently appealed to this court.

## II. DISCUSSION

On appeal, Mr. Smalls contends that the Veterans Court wrongfully denied his petition for a writ of mandamus. Our review of Veterans Court decisions is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Absent a constitutional issue, however, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We have jurisdiction over the issue of whether the Veterans Court properly denied a petition for writ of mandamus when the veteran failed exhaust his administrative rights. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011). We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of

discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *see Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (referring to the writ as "one of 'the most potent weapons in the judicial arsenal'"). A court should not issue a writ of mandamus if the party seeking the writ has "other adequate means to attain the relief he desires,'—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81.

The merits issues raised by Mr. Smalls on appeal derive from the September 22, 2010 Board decisions. All claims addressed in these decisions were either adjudicated by the Board or remanded back to the RO for further consideration. Mr. Smalls appealed some of the Board's findings to the Veterans Court. One of the issues relied on extensively by Mr. Smalls in this appeal, whether the first and second service connections should be treated as one disability, was remanded to the RO. In other words, many of the claims at issue in this appeal are currently pending in other venues. Indeed, Mr. Smalls is taking advantage of the administrative options available to him to adjudicate his claims in a manner that does not involve the drastic remedy of a writ of mandamus. In such a situation, where "other adequate means to attain the [desired] relief" exists, granting a writ of mandamus is inappropriate. *See id.* at 380. Accordingly, the Veterans Court properly denied the petition.

In support of his petition for writ of mandamus, Mr. Smalls asserts numerous fact-based arguments. In particular, Mr. Smalls argues that the Board failed to

properly address his claim for an earlier effective date for his service-connected disabilities; the Board provided an incorrect disability rating; the Veterans Court did not provide Mr. Smalls with a "Statement of the Case" for his request to reopen claim; the VA's past ratings decisions are based on incomplete and unsupported medical opinions; and the ten years it has taken to adjudicate Mr. Smalls's claim is unreasonable.

As mentioned, we lack jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). Resolving the issues listed in the previous paragraph would involve finding facts and applying the law to facts. Therefore, we lack jurisdiction over these matters.

In sum, Mr. Smalls has administrative options available to him at the VA which enable him to raise his arguments and have his claims adjudicated if he so chooses. Because Mr. Smalls has these administrative options at his disposal, a writ of mandamus is inappropriate.

Mr. Smalls also complains that the VA has unduly delayed in adjudicating his CUE claim for an earlier effective date for his service-connected pes planus and asks us to issue a writ of mandamus that "directs, directly or indirectly, the VA to stop delaying and handle [his] CUE claim." However, in his mandamus papers, he has not established any current undue delay that would warrant issuing a writ. We are confident that the VA will resolve Mr. Smalls's CUE claim in a timely manner.

For the foregoing reasons, the Veterans Court did not abuse its discretion in denying Mr. Smalls's petition for writ of mandamus. Accordingly, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**