NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT D. DAVIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1506

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7631, Judge Scott Laurer.

---

Decided: July 7, 2022

---

GILBERT D. DAVIS, Aurora, CO, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before NEWMAN, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Gilbert Davis, an Air Force veteran, appeals the Veterans Court's denial of Davis's petition for writ of mandamus for failure to exhaust his administrative remedies with respect to the Regional Office's June 2018 and February 2012 rating decisions.

This Court's jurisdiction to review Veterans Court decisions is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent a constitutional issue, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *Wanless*, 618 F.3d at 1336. This court's limited jurisdiction likewise applies to our review of the Veterans Court's decision not to issue a writ of mandamus. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). To obtain that remedy, the petitioner must show, *inter alia*, that there are no adequate alternative legal channels through which he may obtain relief. *See Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004); *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011).

Davis contends that his due process rights were somehow violated but never explains how the denial of his petition violated those rights. A generalized allegation of this sort is "constitutional" in name only and is not within our jurisdiction to review. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding that the characterization of an issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

Davis argues that the Regional Office's rating decisions involved the interpretation of 38 C.F.R. § 3.103, the lack of consideration of 38 C.F.R. § 3.105, and the government's failure to provide notice of a reduction in his benefits. The government argues in response that Davis could have and should have pursued these arguments by way of appeal to

the Board of Veterans Appeals. Moreover, the government contends that the availability of the normal appeal process forecloses recourse by way of a petition for mandamus.

The Veterans Court concluded that Davis failed to provide factual support for the argument that the normal appeals process was unavailable to Davis to contest both the February 2012 and June 2018 decisions as well as the alleged lack of notice. In reaching that conclusion, the Veterans Court applied the law to the facts before it. This is not a case like *Beasley v. Shinseki,* where the veteran's challenge to the adequacy of a remedy depends upon a determination "regarding the scope of the legal obligation imposed on the [Department of Veterans Affairs]." *See* 709 F.3d at 1157. Davis raises no challenge to the validity or interpretation of any statute or regulation, but instead contests the Veterans Court's application of the law to the facts. Such a challenge is beyond our jurisdiction to review. For that reason, we must dismiss the appeal.

## DISMISSED

COSTS

No costs.