NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODNEY KEITH WRIGHT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2200

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-196, Judge Coral Wong Pietsch.

---

Decided:  March 12, 2024

---

RODNEY WRIGHT, Brooklyn, NY, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

PER CURIAM.

Mr. Rodney Keith Wright appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying in part and dismissing in part Mr. Wright's petition for extraordinary relief. *Wright v. McDonough*, No. 23-0196, 2023 WL 4175143, at *11 (Vet. App. June 26, 2023) (*Order*). We *affirm* the Veterans Court's order denying the petition and *dismiss* the parts of Mr. Wright's appeal over which we do not have jurisdiction.

BACKGROUND

Mr. Wright served in the United States Army from June 1990 to October 1990 and in the United States Air Force from August 2001 to October 2001. Appx. at 15–16.[1]

On January 11, 2023, Mr. Wright filed with the Veterans Court a petition for a writ of mandamus. *Order*, 2023 WL 4175143, at *1. As it pertains to this appeal, the petition principally argued that the Department of Veterans Affairs (VA) committed clear and unmistakable error (CUE) in determining his eligibility for Special Monthly Compensation (SMC) benefits and alleged that the VA unreasonably delayed acting on an alleged April 2019 CUE motion. *Id.* at *1, *6.

The Veterans Court found that issuing a writ of mandamus was not appropriate, dismissing in part and denying in part the petition. *Id.* at *11. It dismissed the matter of whether Mr. Wright was entitled to SMC benefits because he failed to exhaust his administrative remedies, *id.* at *6–7, and it denied Mr. Wright's request to compel VA

---

[1]    "Appx." refers to the appendix filed concurrently with Respondent's brief.

action on his alleged April 2019 CUE motion because he failed to show unreasonable delay under the factors articulated in *Telecommunications Research and Action Center v. Federal Communications Commission*, 750 F.2d 70 (D.C. Cir. 1984) (*TRAC*), *id.* at *9–11.

Mr. Wright appeals the Veterans Court's decision. He "is solely appealing the [Veterans Court's] opinion regarding the [CUE] related to his [SMC] benefits as a matter of law and the Appellee's unreasonable delay in processing [his] CUE claim." Appellant's Br. at 1.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have "jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Although we "may not review the factual merits of the veteran's claim," "we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Id.* We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002); *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 403 (1976).

To obtain mandamus, the petitioner must show (1) that there are no adequate alternative legal channels through which the petitioner may obtain the requested relief, (2) that he has a clear and indisputable legal right to that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004); *Hargrove v. Shinseki,* 629 F.3d 1377, 1378 (Fed. Cir. 2011).

For the SMC-benefits claim, the Veterans Court found the writ to be inappropriate because "Mr. Wright has not shown that he lacks alternative means to pursue relief." *Order*, 2023 WL 4175143, at \*2; *see also id.* at \*7. The proper course of action, in the Veterans Court's view, would be for Mr. Wright to appeal through the Regional Office as a "request for a writ is not a substitute for the claims and appeals process." *Id.* at \*6–7. Because Mr. Wright did not exhaust his administrative remedies, the Veterans Court did not abuse its discretion in dismissing the petition for a writ of mandamus. *See Hargrove*, 629 F.3d at 1378.

Nor did the Veterans Court abuse its discretion in denying the petition based on its finding that Mr. Wright had not shown unreasonable delay on his alleged April 2019 CUE motion. When analyzing petitions based on alleged unreasonable delay by the VA, the Veterans Court is guided by the six *TRAC* factors:

(1) the time agencies take to make decisions must be governed by a "rule of reason";

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

> (6) the court need not find "any impropriety lurking behind agency lassitude" in order to hold that agency action is unreasonably delayed.

*Martin v. O'Rourke*, 891 F.3d 1338, 1344–45, 1348 (Fed. Cir. 2018) (quoting *TRAC*, 750 F.2d at 79–80).

Here, the Veterans Court concluded that Mr. Wright failed to show unreasonable delay under the *TRAC* factors because his only pending CUE motion was filed in January 2023. *Order*, 2023 WL 4175143, at \*10.

Mr. Wright argues that the *TRAC* factors favor him. *See* Appellant's Br. 22–29. The gist of his argument is that even though he did not file a CUE motion until January 2023, he called one of the VA's call centers as early as April 2019 and thus alerted the VA of a CUE by that date. So according to Mr. Wright, April 2019 is the relevant starting point, and a five-year delay is unreasonable.

The Veterans Court, however, found no record of a pending CUE claim prior to January 2023 and explained that VA regulations dictate how Mr. Wright should have proceeded in order to adjudicate a CUE motion that he believed to be pending. *Order*, 2023 WL 4175143, at \*6–7. Mr. Wright provides no legal authority for his argument that calling the VA amounts to the filing of a CUE motion. The Veterans Court therefore acted within its discretion in finding that January 2023 was the relevant date from which to measure the reasonableness of any delay and that there was not an unreasonable delay.

Mr. Wright also raises various arguments characterized as constitutional. However, an "appellant's 'characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.'" *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)). Mr. Wright's allegedly constitutional arguments appear to

simply reargue the merits of his case, issues over which we do not have jurisdiction.  *See id.*

### CONCLUSION

We have considered Mr. Wright's remaining arguments and find them unpersuasive.  We *affirm* the Veterans Court's order as to the writ of mandamus and *dismiss* those issues over which we lack jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

### COSTS

No costs.