NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HUBERT BABB,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1182

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6252, Judge Joseph L. Falvey, Jr.

---

Decided: June 7, 2024

---

HUBERT BABB, Lake City, FL, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Hubert Babb, a veteran, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which denied his petition for a writ of mandamus directed to the Department of Veterans Affairs ("the DVA"). We dismiss the appeal as falling outside our jurisdiction.

I

Mr. Babb has claims for veterans' benefits pending before the DVA. He has filed a series of petitions for mandamus in the Veterans Court since 2019, each time seeking an order directing the DVA to complete the adjudication of his claims. The Veterans Court has denied each of Mr. Babb's petitions, including the petition that gave rise to the appeal in this case.

The history of Mr. Babb's claims is a long one. It was summarized in the decision of the Veterans Court on one of Mr. Babb's previous petitions for mandamus filed shortly before the petition that is the subject of this appeal. *See Babb v. McDonough*, No. 23-0632, 2023 WL 3242718 (Vet. App. May 4, 2023).[1]

Mr. Babb originally filed a claim in 1989 for a nervous disorder. The claim was denied, and Mr. Babb did not appeal from the denial. In 2012, he filed an informal claim for post-traumatic stress disorder ("PTSD"). After extended proceedings before the DVA, the Board of Veterans' Appeals in 2019 remanded the PTSD claim and directed the regional office to schedule a DVA medical examination to determine the nature of Mr. Babb's psychological condition since 1989. In early 2020, the DVA conducted a psychological evaluation, which confirmed that Mr. Babb was

---

[1]    In this case, the Veterans Court relied on its decision on Mr. Babb's immediately preceding mandamus petition, noting that in the three months that had passed since the mandate issued in that case, little had changed.

suffering from PTSD and another mental disorder. The regional office then assigned a 100% rating effective as of 2012, when he filed his informal PTSD claim.

In addition to his PTSD claim, Mr. Babb has asserted claims for bilateral hearing loss, tinnitus, headaches, and sleep disorder. Because he is incarcerated, Mr. Babb did not report for the scheduled DVA examination to confirm those claims. Those claims were denied because Mr. Babb did not provide any evidence of a diagnosis for any of those conditions.

In June 2021, Mr. Babb appealed the DVA regional office's decisions to the Board of Veterans' Appeals, contending that his 100% rating for PTSD should have been made effective as of 1989 rather than 2012, and that his other claims should not have been denied. Those appeals are still pending before the Board.

Since June 2019, Mr. Babb has filed six mandamus petitions in the Veterans Court, all of which have been denied. In response to the petition that immediately preceded the petition in this case, the court explained in some detail the reasons it was denying the relief he sought.

As to the effective date of Mr. Babb's 100% rating for PTSD, the court ruled that the appeals process, rather than a petition for mandamus was the proper way to challenge the 2012 effective date for that claim. As to Mr. Babb's claims of tinnitus and hearing loss, the court noted that the prison where Mr. Babb is being held would not allow the examination contractor to bring the necessary testing equipment into the prison. And as to Mr. Babb's claims of headaches and sleep disorder, the court explained that the appeals process was the appropriate means for challenging the regional office's conclusion that DVA examinations are not warranted for those conditions.

With respect to Mr. Babb's complaint that there had been unreasonable delay in resolving his claims, the Veterans Court noted that there was progress in processing Mr. Babb's claims and that most of the delay appeared to

be caused by the DVA's overburdened system.  The delay in processing his tinnitus and hearing loss claims, according to the court, was largely attributable to conflicting information received by the DVA from the prison authorities regarding whether outside examiners would be permitted into the prison to examine Mr. Babb.  And the delay in handling Mr. Babb's headache and sleep disorder claims, the court concluded, did not amount to complete inaction by the DVA.  Instead, it resulted from the agency's conclusion that Mr. Babb was not entitled to medical examinations regarding those claims, an issue that is pending before the Board of Veterans' Appeals.  *Babb v. McDonough*, 2023 WL 3242718, at \*3–4.

In assessing the period of delay, the court found that there this was not a case of "complete inaction" on the part of the DVA in handling Mr. Babb's claims, that Mr. Babb had not shown any reason that his claims should take precedence over other pending claims, and that the delay in processing his claims was not the result of any impropriety on the agency's part.  In the order from which this appeal is taken, the court also noted that Mr. Babb is already in receipt of a 100% rating, and that the monetary amount of the benefits he is entitled to receive while incarcerated is capped by law.  Supp. App. 2.

## II

Under the All Writs Act, 28 U.S.C. § 1651, a petitioner may seek a writ of mandamus from the Veterans Court. *See Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998) (holding that the All Writs Act applies to the Veterans Court); *Erspaner v. Derwinski*, 1 Vet. App. 3, 6–7 (1990). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976).  For any court to grant a writ of mandamus, three requirements must be satisfied: (1) the petitioner "must have no other adequate means to attain" the desired relief; (2) the petitioner must show that the right to the relief is "clear and indisputable"; and (3) exercising its discretion, the issuing court must decide that

the remedy "is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). We review denial of a petition for a writ of mandamus by the Veterans Court for an abuse of discretion. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011).

By statute, a petitioner may seek relief from "unreasonable delay" in DVA proceedings. *See* 38 U.S.C. § 7261(a)(2) (providing that the Veterans Court may "compel action of the Secretary [of Veterans Affairs] unlawfully withheld or unreasonably delayed"). When assessing a claim of unreasonable delay by the Secretary, the Veterans Court must consider the factors articulated in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984). *See Martin v. O'Rourke*, 891 F.3d 1338, 1349 (Fed. Cir. 2018) (holding that the TRAC factors provide the appropriate framework for analyzing mandamus petitions based on alleged unreasonable delay by the DVA).

The *TRAC* decision sets forth six factors that the Veterans Court must consider in determining whether to issue a writ of mandamus in a case involving a claim of unreasonable delay. Those factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80 (cleaned up).

In its decision on Mr. Babb's immediately prior mandamus petition and again in the decision in this case, the Veterans Court applied the pertinent TRAC factors and concluded that a mandamus petition was not appropriate. In particular, the court concluded that there were reasons that the adjudication of Mr. Babb's claims has taken as long as it has, and that Mr. Babb has shown no reason that his claims should be advanced ahead of other pending veterans' claims.  Mr. Babb appealed from the Veterans Court's decision.  *Babb v. McDonough*, 2023 WL 3242718, at *3–4; Supp. App. 2.

## III

The government argues that this court lacks jurisdiction to address Mr. Babb's appeal from the Veterans Court's denial of his petition for a writ of mandamus.  It is true that the jurisdiction of this court in appeals from the Veterans Court is limited, and that we lack jurisdiction to review "a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

That principle applies to appeals from decisions of the Veterans Court denying petitions for mandamus as well as all other appeals from that court.  While we have jurisdiction over appeals from the denial of mandamus petitions that raise legal issues that would otherwise be within our jurisdiction, appeals from the denial of mandamus petitions do not fall within our jurisdiction if they do not raise such a legal issue. *See Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013).  Under that principle, this case falls outside our jurisdiction.

Mr. Babb's appeal is distinctly factual in nature.  He contends that the DVA has unconscionably delayed resolution of his claims and that the reasons for the delay given by the Secretary before the Veterans Court are unconvincing.  His claims do not address "the validity of a decision of the [Veterans Court] on a rule of law or any statute or regulation . . . or any interpretation thereof . . . that was relied

on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a). Rather, as the government contends, his mandamus petition (and his appeal from its denial) present only a challenge to a factual determination, or at most a challenge to a "law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2). The appeal is therefore not within this court's jurisdiction.

While constitutional questions raised in appeals from the Veterans Court can bring those cases within this court's jurisdiction, that is true only if the claims raise bona fide constitutional issues, and not claims that are "constitutional in name only." *See In re Bailey*, 182 F.3d 860, 867 (Fed. Cir. 1990); *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Mr. Babb states in his brief on appeal that his right to a writ of mandamus "is established in the 14th amendment of the U.S. Constitution as 'equal protection of the law.'" Br. 2. That claim is clearly "constitutional in name only," as neither the equal protection component of the due process clause of the Fifth Amendment nor the equal protection clause of the Fourteenth Amendment even remotely establishes the right to a writ of mandamus in a case such as this one. The passing reference to the Constitution is therefore insufficient to convert this case from one involving a factual determination to one that this court has statutory jurisdiction to review.

### DISMISSED

### COSTS

No costs.