NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL E. ROBINSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1529

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5827, Judge Scott Laurer.

---

Decided:  December 11, 2024

---

PAUL E. ROBINSON, Milwaukee, WI, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, TARANTO, *Circuit Judge*, and SCHROEDER, *District Judge*.[1]

PER CURIAM.

Paul E. Robinson appeals a decision of the Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus to reverse a Board of Veterans Appeals (Board) decision. For the following reasons, we *affirm*.

## BACKGROUND

On September 21, 2023, Mr. Robinson petitioned the Veterans Court for a writ of mandamus. Appx. 8–12;[2] S. Appx. 1.[3] In the petition, Mr. Robinson sought a total disability rating based on individual unemployability (TDIU) from 2000. S. Appx. 1. The Veterans Court construed the petition as seeking reversal of the Board's February 27, 2023 decision "denying an effective date before July 1, 2008, for a . . . TDIU." *Id.*

The Veterans Court noted a writ is a drastic remedy only issued in extraordinary situations when three condition are met: (1) the petitioner must lack an adequate alternative means to attain relief; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted. *Id.* at 2 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). The Veterans Court denied the petition for two

---

[1] Honorable Robert W. Schroeder, III, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

[2] "Appx." refers to the Appendix starting on page four of Appellant's Informal Brief. *See* Dkt. 9 at 4.

[3] "S. Appx." refers to the Supplemental Appendix filed with the Informal Response Brief.

reasons: (1) it cannot independently grant Mr. Robinson's TDIU back to 2000 because it does not have authority to grant benefits, only to review Board decisions; and (2) mandamus relief is not warranted because Mr. Robinson has adequate alternative means to seek relief via a pending appeal on a separate docket, *Robinson v. McDonough*, No. 23-3751 (Vet. App. 2023), that challenges the Board's February 27, 2023 decision. S. Appx. 2–3. Mr. Robinson appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional challenge, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Although our jurisdiction to review decisions of the Veterans Court is limited, we possess jurisdiction over an appeal challenging the Veterans Court's denial of a petition for a writ of mandamus, which we review for abuse of discretion. *Hargrove v. Shinseki*, 629 F.3d 1377, 1378–79 (Fed. Cir. 2011).

On appeal, Mr. Robinson claims the Veterans Court erred by failing to grant his petition. *See generally* Appellant's Informal Br. 1–3. Specifically, Mr. Robinson argues the Veterans Court's decision violates 18 U.S.C. § 242 and his constitutional rights. *Id.* at 2–3.

We see no abuse of discretion in the Veterans Court's denial of Mr. Robinson's petition. A writ of mandamus is an extraordinary remedy. *Cheney*, 542 U.S. at 380. "The Supreme Court explained in *Cheney*, 'the party seeking

issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.'" *Hargrove*, 629 F.3d at 1379 (citing *Cheney*, 542 U.S. at 380–81). The Veterans Court's denial of the petition was not an abuse of discretion because Mr. Robinson had an adequate alternative means to attain the relief he requested—a pending appeal at the Veterans Court challenging the Board's February 27, 2023 decision.

Mr. Robinson argues the Veterans Court's decision violates 18 U.S.C. § 242. Appellant's Informal Br. 2. Section 242 is a criminal statute and therefore inapplicable to veteran benefits cases. We see no error in the Veterans Court's decision related to 18 U.S.C. § 242, which the Veterans Court did not interpret.

Mr. Robinson argues the Veterans Court's decision violates his constitutional rights, including his right to due process, equal protection, life, liberty, and the pursuit of happiness, because the Veterans Court failed to consider its 2014 decision. Appellant's Informal Br. 2–3. Mr. Robinson has advanced no argument as to why the Veterans Court was required to consider its 2014 decision in this matter or why the 2014 decision, if considered, would entitle him to the writ he seeks.

## CONCLUSION

We have considered Mr. Robinson's remaining arguments and find them unpersuasive. We affirm the Veterans Court's denial of mandamus.

## AFFIRMED

### COSTS

No costs.