NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAMERIA R. ROBINSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1932

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2827, Judge Grant Jaquith.

---

Decided:  December 13, 2024

---

TAMERIA R. ROBINSON, Oak Leaf, TX, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM

Tameria Robinson appeals the U.S. Court of Appeals for Veterans Claims (Veterans Court) order denying her petition under the All Writs Act for a writ of mandamus. *Robinson v. McDonough*, No. 23-2827, 2023 WL 5621850 (Vet. App. Aug. 31, 2023) (*Order*). Ms. Robinson sought a writ of mandamus to reopen her previously denied claims, arguing that the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022 (PACT Act) automatically reopens denied claims that are subsequently established as presumptively service connected. For the following reasons, we *affirm*.

## I. BACKGROUND

Ms. Robinson, a Gulf War veteran, actively served in the U.S. Army from November 1987 to May 1988 and from November 1990 to June 1991. Supplemental Appendix (S.A.) 27.[1] After Ms. Robinson left the service, a VA examiner diagnosed her with allergic rhinitis but concluded that it was "less likely than not" that her condition was service connected. *Id.*; *see also* S.A. 39–40. The Board of Veterans Appeals (Board) accordingly denied Ms. Robinson's corresponding claim for disability benefits. S.A. 18. The Veterans Court affirmed. *Robinson v. Wilkie*, No. 18-2481, 2019 WL 2061974, at *5 (Vet. App. May 10, 2019).

On January 20, 2023, the Department of Veterans Affairs (Agency) sent Ms. Robinson a letter indicating that she may be eligible to receive benefits under the PACT Act. S.A. 65–68. Specifically, the letter stated that a "Covered Veteran" under the PACT Act includes Gulf War veterans who served on or after August 2, 1990, and chronic rhinitis

---

[1] Supplemental Appendix of S.A. refers to the supplemental appendix submitted with Appellee's Informal Brief.

is presumptively a service connected condition.  S.A. 66. The letter further stated that claimants whose prior claims for disability compensation were denied should complete VA Form 20-0995.  S.A. 67.  Ms. Robinson subsequently filed a different form, VA Form 21-4138, indicating that she wished to open a new claim for allergic rhinitis under the PACT Act and for the Agency to review her denied claim. S.A. 77.  The Agency, in response, explained that Ms. Robinson should file her request using the proper form and directed her to a chart, listing VA Form 20-0995 as the proper form for individuals with new and relevant evidence concerning their previously denied claim.  S.A. 77–78. Ms. Robinson subsequently called the Agency hotline attempting to reopen her previously denied claim.  *See* S.A. 89.  The Agency explained, on April 17, 2023, that it could not automatically reopen decided claims.  *See id.*

On May 10, 2023, Ms. Robinson petitioned the Veterans Court for a writ of mandamus that would direct the Secretary to award her benefits.  *Order* at *1. Specifically, she argued that she was entitled under the PACT Act to reopen her previously denied claims.  S.A. 84. The Veterans Court reasoned that because the PACT Act does not itself automatically reopen claims but instead requires the filing of a supplemental claim, Ms. Robinson failed to demonstrate her indisputable right to a writ of mandamus. *Order* at *2. Ms. Robinson now appeals to this court, contending that the Veterans Court relied on an improper interpretation of the PACT Act.

## II.  DISCUSSION

### A.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010).  We have jurisdiction over "relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  But we lack jurisdiction over "challenge[s] to

a law or regulation as applied to the facts of a particular case" except where constitutional issues are present. 38 U.S.C. § 7292(d)(2). However, this limited jurisdiction does not insulate the Veterans Court's rulings on mandamus petitions from judicial review. *See Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Accordingly, "[w]e may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

For a writ of mandamus to issue, three criteria must be met: "(1) the petitioner must lack an adequate alternative means to attain relief; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted." *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). The decision to grant the writ "is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). We must affirm the Veterans Court's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. §7292(d)(1)(A).

## B.

We first consider our jurisdiction. The Secretary argues that we must dismiss this appeal for lack of jurisdiction because the Veterans Court merely applied, and did not interpret, the PACT Act. We disagree. Ms. Robinson contends that the Veterans Court erred by concluding that she lacked an indisputable right to the writ because the PACT Act does not automatically reopen veterans' claims. Thus, her appeal turns on the meaning and scope of a statutory provision.

### C.

We conclude that Ms. Robinson has failed to show that she has "a clear and indisputable right to the writ." *See Hargrove*, 629 F.3d at 1378. Ms. Robinson seeks a writ of mandamus to direct the regional office to reopen her previously denied claims. But the PACT Act places two obligations on the Secretary relevant here, neither of which requires the Secretary to automatically reopen previously adjudicated claims. First, whenever a law establishes or modifies a presumption of service connection, the PACT Act requires the Secretary to identify claimants whose claims were denied but might have been decided differently had the presumption of service connection been applied. 38 U.S.C. § 1167(a). Second, the PACT Act requires the Secretary "to inform [such claimants] that they may submit a supplemental claim." 38 U.S.C. § 1167(b). But a duty to inform claimants that they may file a supplemental claim does not imply an obligation to reopen a previously denied claim in the absence of such a filing. Moreover, since there would be little need to file a supplemental claim if the Secretary was already obligated to reopen the previously denied claims, Ms. Robinson's interpretation of the PACT Act is both unsupported by and inconsistent with the statutory text. Because the PACT Act does not establish Ms. Robinson's right to the relief she seeks, the Veterans Court did not err in concluding that Ms. Robinson failed to show her indisputable right to a writ. *See Order* at *2.

### III. CONCLUSION

We have considered Ms. Robinson's remaining arguments but do not find them persuasive. For the foregoing reasons, we *affirm*. We note, however, that Ms. Robinson may still pursue her claim under the PACT Act by filing a supplemental claim using VA Form 20-0995. *See Order* at *2 (urging Ms. Robinson "to file her supplemental claim as quickly as possible so that she may receive any benefits she is entitled to").

## AFFIRMED.

Costs

No costs.