NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE DUNBAR PREWITT, JR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-2141

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-5615, Judge Joseph L. Falvey, Jr.

---

Decided:  May 11, 2026

---

GEORGE DUNBAR PREWITT, JR., Greenville, MS, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

George Dunbar Prewitt, Jr. appeals pro se a decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying a mandamus petition seeking to compel the Board of Veterans' Appeals ("Board") to issue a decision in a pending case and for other relief. We *affirm*.

## BACKGROUND

Mr. Prewitt served honorably in the army from 1968 to 1970 and applied for benefits with the Department of Veterans Affairs ("VA"). Between 1970 and 2015, the VA Regional Office ("RO") issued rating decisions that granted disability ratings for some of Mr. Prewitt's requests for benefits but denied others. Mr. Prewitt appealed these decisions to the Board to the extent his requests were denied. Like many veterans' appeals, Mr. Prewitt's appeals have since shuttled between the RO, the Board, the Veterans Court, and our court.

In July 2020, the Veterans Court vacated and remanded portions of a Board decision related to a June 1970 rating decision based on clear and unmistakable error ("CUE"). The 1970 rating decision assigned an initial rating of 30% to residuals from a service-connected gunshot wound injury and denied service connection for hypertension. After the Board remanded issues related to the 1970 rating decision, among others, to the RO for additional development, the RO submitted a July 2024 supplemental statement of the case. Mr. Prewitt again appealed the case to the Board.

One year later, on July 3, 2025, Mr. Prewitt filed a petition for extraordinary relief at the Veterans Court,

seeking an order compelling the Board to expeditiously adjudicate his appeal. Before the Veterans Court ruled on this petition, on July 17, 2025, the Board decided Mr. Prewitt's appeal. In relevant part, the Board denied Mr. Prewitt's request to revise the June 1970 rating decision based on CUE.

Mr. Prewitt then filed an amended petition at the Veterans Court on July 28, 2025, which requested relief on the merits of his appeal related to his request to revise the 1970 rating decision. In both his original and amended mandamus petition, he also argued that the procedures for adjudication of veterans' claims violate the Seventh Amendment.

The Veterans Court denied Mr. Prewitt's amended petition because Mr. Prewitt could appeal the Board's July 17, 2025, decision to the Veterans Court and, therefore, he had adequate alternative means of receiving relief. With respect to Mr. Prewitt's arguments regarding the constitutionality of the veterans' claims system, the Veterans Court concluded that mandamus was not warranted because if the Veterans Court or the Board "is invalid, presumably the illegality that taints the appellate process would extend to the writ option." S.A. 3.[1] Mr. Prewitt timely appealed the Veterans Court's decision to our court.

## DISCUSSION

"[O]ur jurisdiction is limited in appeals from the [Veterans Court] . . . ." *Szemraj v. Principi*, 357 F.3d 1370, 1374 (Fed. Cir. 2004). "'This court has jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . .'" *Wright v. Collins*, 157 F.4th 1379, 1381

---

[1]    Citations to S.A. refer to the Supplemental Appendix filed by the government at Dkt. No. 23.

(Fed. Cir. 2025) (alteration in original) (quoting *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013)). When a mandamus petition raises a nonfrivolous legal question, we "determine whether the petitioner has satisfied the legal standard for issuing the writ," but do not "review the factual merits of the veteran's claim[s]." *Beasley*, 709 F.3d at 1158. We review denial of a writ of mandamus for abuse of discretion. *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011).

Mr. Prewitt argues that the veterans claims system, including the Veterans Court, is unconstitutional, an issue which he has also raised in a district court proceeding.[2] *See Prewitt v. McDonough*, No. 21-2243, 2025 WL 42744, at *2–9 (D.D.C. Jan. 7, 2025). With respect to the constitutionality of the veterans claims system, Mr. Prewitt has not established that a writ of mandamus to the Veterans Court is the proper mechanism to address this issue.[3]

---

[2]   On appeal, Mr. Prewitt raises additional arguments regarding the constitutionality of the Veterans Court that were not raised in his mandamus petition, including whether the Veterans Court "is a valid institution, and if its placement in the executive branch rather than the judicial branch, is legal under Article I, Section 8, Clause 9 of the U.S. Constitution." Appellant's Informal Br. 2. These questions were not presented in Mr. Prewitt's mandamus petition, and we do not address them.

[3]   We note that the Supreme Court recently granted certiorari in *Johnson v. U.S. Congress*, which presents the question "[w]hether the Veterans' Judicial Review Act stripped district courts of the jurisdiction . . . to hear challenges to the constitutionality of acts of Congress affecting veterans' benefits." Petition for a Writ of Certiorari at 2, *Johnson v. U.S. Congress* (No. 25-735) (Dec. 17, 2025).

As to the arguments related to alleged errors of the Board's decision on the merits, "[i]t is well established that mandamus is unavailable when there is an adequate remedy by appeal." *Wolfe v. McDonough*, 28 F.4th 1348, 1357 (Fed. Cir. 2022). Mr. Prewitt could challenge the merits of the Board's order through an appeal to the Veterans Court. Accordingly, Mr. Prewitt did not satisfy the legal standard for issuance of the writ because he has "adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

We have considered Mr. Prewitt's remaining arguments and find them unpersuasive.[4]

### AFFIRMED

#### COSTS

No costs.

---

[4] Mr. Prewitt also moves to supplement the record or, in the alternative, to recall the mandate in Appeal No. 20-2172, an appeal of a previous Veterans Court decision related in part to the same 1970 rating decision. There is no basis for recalling the mandate or supplementing the record. Mr. Prewitt's motion is denied.