**In re SHARON STEEL CORPORATION, Debtor.**

**ATLANTIC RICHFIELD COMPANY, Petitioner,**

v.

**SHARON STEEL CORPORATION, Respondent,**

**The Honorable Alan N. Bloch, Nominal Respondent.**

No. 90–3274.

United States Court of Appeals, Third Circuit.

Argued Oct. 9, 1990.

Decided Nov. 14, 1990.

435

Pat E. Morgenstern–Clarren (Argued), Lee D. Powar, Dennis R. Rose, Hahn, Loeser & Parks, Cleveland, Ohio, for petitioner.

Lawrence A. Demase (Argued), Rose, Schmidt, Hasley & DiSalle, Pittsburgh, Pa., for respondent.

Before GREENBERG, HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

Atlantic Richfield Company ("ARCO") petitions this Court for a writ of mandamus compelling the district court to resolve its motion for reconsideration or, alternatively, to order the district court to grant its motion to withdraw reference and to transfer venue. We will grant the writ ordering the district court to rule on ARCO's motion to reconsider, and deny the other request for extraordinary relief.

I.

In October, 1986, the United States Environmental Protection Agency ("EPA") sued Sharon Steel Corporation ("Sharon") and others in the federal district court for the district of Utah, alleging that the named parties were liable under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601–9675 (1983 and Supp.1990), for remedial action and response costs arising from the clean-up of the Midvale Tailings Site in Utah, an ore mill which is an alleged source of hazardous waste. Shortly thereafter, in August, 1987, Sharon filed a petition for relief under Chapter 11 of the Bankruptcy Code, with the bankruptcy court in the Western District of Pennsylvania.

The EPA then filed an amended complaint in October, 1988, adding ARCO as a defendant in the clean-up of the Midvale Tailings Site. ARCO's potential liability, which could reach $470 million, arises under section 107(a) of CERCLA. 42 U.S.C. § 9607(a) (Supp.1990). In its answer ARCO filed several crossclaims and counterclaims, including crossclaims against Sharon for contribution and unjust enrichment.

On March 16, 1990, ARCO commenced an adversary proceeding in Bankruptcy Court seeking declaratory judgment. The relief sought includes a declaration that ARCO's claims in Sharon's reorganization proceedings are entitled to administrative expense priority ("the contribution claim") and a declaration that ARCO's rights to be subro-

gated to the EPA's claims against Sharon will not be affected by any compromise of the EPA claim ("the subrogation claim").[1]

In conjunction with the commencement of the adversary proceeding, ARCO moved the district court for the Western District of Pennsylvania to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) (Supp.1990), and to transfer venue to the district court in Utah. The motion to withdraw and transfer was summarily denied by the district court.

ARCO filed with the district court a Rule 59(e) motion to reconsider on April 2, 1990. Fed.R.Civ.P. 59(e). Inexplicably, the district court refused to rule on the motion to reconsider. Rather, the district court informed the law firm representing ARCO that it would not take action on the motion unless all interested parties agreed to a grant of the motion. Such an agreement could not be reached, and to this date, the district court has failed to take further action regarding the motion to reconsider.

On April 30, 1990, ARCO filed a mandamus petition with this Court, requesting us either to order the district court to rule on the motion to reconsider, or to order the district court to grant the motion to withdraw reference and transfer venue. Meanwhile, Sharon is continuing to work on its reorganization plan, which contemplates a settlement between Sharon and the EPA with respect to the Midvale Tailings Site. It is argued that this proposed settlement would, by virtue of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) (Supp. 1990), bar ARCO's contribution claim against Sharon, and could possibly have the same effect on ARCO's subrogation claim. At this time, the reorganization plan has not yet been approved.

1. In lieu of its subrogation claim, ARCO seeks an alternative declaration that its claims against Sharon are nondischargeable.

2. There is no dispute as to whether the motion to reconsider was timely filed. Rule 59(e) requires that the motion to reconsider be made within ten days of the entry of judgment. The district court's order denying ARCO's motion to withdraw and transfer was entered on March 22, 1990. The motion to reconsider was filed

## II.

We have jurisdiction over ARCO's petition for extraordinary relief pursuant to the All Writs Act, 28 U.S.C. § 1651 (1966), which empowers this Court to issue writs of mandamus. Whether a writ of mandamus should be issued is committed to the discretion of this Court. *Delgrosso v. Spang and Co.*, 903 F.2d 234, 237 (3d Cir.1990). "The writ is an extraordinary remedy, however, and should be issued only in exceptional circumstances. A party seeking the writ has the burden of demonstrating that its right to the writ is 'clear and indisputable.' Moreover, the party must have no other adequate means to attain the desired relief." *Id.* (citations omitted). Writs of mandamus have traditionally been used to " 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). We may therefore issue a writ "when the court below has committed a clear error of law [that approaches] the magnitude of ... a failure to use [judicial] power...." *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir.1988).

By refusing to rule on ARCO's motion to reconsider, the district court in the present case has failed to exercise its judicial power, which in turn has inhibited this Court's exercise of appellate jurisdiction. The issuance of a writ of mandamus is therefore appropriate. Rule 59(e) of the Federal Rules of Civil Procedure gives a party the right to file a motion to reconsider, provided that motion is timely.[2] ARCO

on April 2, 1990, which is eleven days after March 22. However, Rule 6(a) of the Federal Rules of Civil Procedure provides that when "the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Excluding Saturdays and Sundays, the motion to reconsider was timely filed seven days after the entry of judgment.

filed just such a motion. It necessarily follows that the district court had a duty to dispose of that motion, a duty inherent in a judicial system which guarantees a conditional right to an appeal. The district court failed to perform this duty, choosing instead to block ARCO's avenue of appeal, thereby frustrating our jurisdiction.

When, as in the present case, a district court conditions the grant of a motion upon mutual consent, the practical effect is to turn the motion into a consent decree or judgment. By refusing to adjudicate the motion to reconsider unless Sharon and ARCO agreed to the "consent decree," the district court insulated itself from appellate review of its disposition of the motion to withdraw and transfer. In particular, because ARCO and Sharon could not reach agreement on the motion to withdraw and transfer, and because the district court took no further action regarding the Rule 59 motion, there is no final order from which to appeal. Fed.R.App.P. 4(a)(4) provides that a "notice of appeal filed before the disposition of [a timely Rule 59 motion to alter or amend the judgment] shall have no effect. A new notice of appeal must be filed ... [after] the order disposing of the motion...." It is clear, therefore, that when a district court refuses to decide a Rule 59 motion, a party cannot appeal the order forming the basis for the motion, since Rule 4(a)(4) prohibits the filing of an appeal until the motion is resolved. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (while a Rule 59(e) motion is pending, any notice of appeal is premature and thus has no ef-

fect.); *Mondrow v. Fountain House*, 867 F.2d 798, 799 (3d Cir.1989) (no appellate jurisdiction where notice of appeal was filed before district court ruled on timely Rule 59 motion). If ARCO and Sharon had consented to the motion, the ensuing decree would also be unappealable, since consent decrees can only be challenged on limited grounds.[3]

Under the circumstances, the petitioner is entitled to relief. Not only is the district court's inaction an unexplained abdication of judicial power, but it severely restricts ARCO's right to an appeal by defeating our jurisdiction. The All Writs Act expressly provides that courts of appeal "may issue all writs necessary or appropriate in aid of their respective jurisdictions...." 28 U.S.C. § 1651(a). If we do not grant ARCO's mandamus petition, this Court would be completely frustrated in its ability to review the district court's disposition of this issue. Therefore, the grant of a writ ordering the district court to resolve the Rule 59(e) motion is necessary in aid of our jurisdiction. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62, 98 S.Ct. 2552, 2556–57, 57 L.Ed.2d 504 (1978) ("There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'" (quoting *Insurance Co. v. Comstock*, 83 U.S. 258, 270 (16 Wall.), 21 L.Ed. 493 (1873))).

ARCO also petitions this Court for a writ of mandamus ordering the district court to

---

**3.** Generally, a party cannot appeal a consent judgment or decree. *Bash v. Firstmark Standard Life Ins. Co.*, 861 F.2d 159, 162–63 (7th Cir.1988) ("If [a party] wanted to challenge the ... judgment in [the court of appeals], he needed a final judgment—but a litigated final judgment, not a consent judgment."); *Tapper v. Commissioner*, 766 F.2d 401, 403 (9th Cir.1985) ("Generally, a party cannot appeal a judgment entered with its consent."); *Amstar Corp. v. Southern Pac. Transport Co. of Texas and Louisiana*, 607 F.2d 1100 (5th Cir.1979), *cert. denied*, 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980) ("the fact that both parties freely consent-

ed to the entry of a final judgment precludes an appeal from it"). There are two limited exceptions to the basic rule. First, if a party did not actually consent, an appeal is allowed. Second, an appeal is available where the court lacked the subject matter jurisdiction to enter the judgment. *Tapper v. Commissioner*, 766 F.2d at 403; *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir.), *cert. denied*, 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981) ("Decrees entered by consent may be reviewed on appeal where there is a claim of lack of actual consent or a lack of subject matter jurisdiction.").

grant its motion to withdraw and transfer. We must deny this request. A writ of mandamus may only be issued if there are no other adequate means to attain relief. *Delgrosso v. Spang and Co.*, 903 F.2d at 237. By ordering the district court to reconsider its earlier denial of the motion to withdraw and transfer, we are providing ARCO with a means of relief. If the district court did err in initially denying the motion to withdraw and transfer, it will hopefully correct itself during the reconsideration process.[4] Even if it denies the motion to reconsider, the district court's order would then be appealable to this Court. Since the district court will be ordered to decide ARCO's motion to reconsider, ARCO can obtain the relief it seeks without resort to additional extraordinary measures.

### III.

Given the above considerations, mandamus is warranted in the present case. ARCO has a clear and indisputable right to have the district court rule on its motion to reconsider. Moreover, ARCO has no other means of obtaining relief. We therefore will grant the petition for mandamus and order the district court to dispose of ARCO's Rule 59(e) motion. ARCO's alternative petition for extraordinary relief will be denied.

---

**4.** We express no opinion on the issue of whether the district court properly denied the motion to withdraw and transfer. We only note that ARCO's argument with respect to withdrawal and transfer raises several points which require serious consideration by the district court.