# United States Court of Appeals for the Federal Circuit

---

**CHARLES J. LOVE, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2285

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1323, Judge Amanda L. Meredith, Judge Joseph L. Falvey, Jr., Judge Scott Laurer.

-------------------------------------------------

**BRIAN M. AUMILLER, TAMORA E. DIEZ,**
*Claimants-Appellants*

**ROGER A. GEORGES,**
*Claimant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2296

––––––––––––––––––––––

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3565, Judge Amanda L. Meredith, Judge Joseph L. Falvey, Jr., Judge William S. Greenberg.

------------------------------------------------

**JAMES R. LINDGREN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

––––––––––––––––––––––

2023-1135

––––––––––––––––––––––

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1154, Judge Coral Wong Pietsch.

––––––––––––––––––––––

Decided: May 3, 2024

––––––––––––––––––––––

KRISTINA MCKENNA, Latham & Watkins LLP, Boston, MA, argued for claimants-appellants. Also represented by ROMAN MARTINEZ, Washington, DC; MELANIE L. BOSTWICK, Orrick, Herrington & Sutcliffe LLP, Washington, DC; KENT A. EILER, JOHN D. NILES, Carpenter Chartered, Topeka, KS.

EMMA EATON BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice,

Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, SCHALL, and HUGHES, *Circuit Judges*.

DYK, *Circuit Judge*.

Four veterans in three separate cases appeal from judgments of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing the veterans' petitions for writs of mandamus for lack of jurisdiction. We previously consolidated two cases, *Love v. McDonough*, No. 22-2285, and *Aumiller v. McDonough*, No. 22-2296, and the *Love*[1] case and *Lindgren v. McDonough*, No. 23-1135, were argued together. Because there is an alternative remedy by appeal, we affirm.

## BACKGROUND

The underlying issue in these cases is whether a veteran whose rating is reduced is entitled to have the original rating continue pending final resolution of the validity of the reduction. The factual background for each of the two companion cases is as follows.

### I. *Love v. McDonough*

Charles Love served on active duty in the Army from January 1968 to March 1971. Mr. Love was evaluated at a 100 percent disability rating for prostate cancer from 2005 to 2007, at which point his rating was reduced to 20 percent. Most recently, Mr. Love was again evaluated at a 100 percent disability rating for prostate cancer, effective May 8, 2009. In September 2019, Mr. Love's rating was reduced

_____

[1] We refer to the three plaintiffs in the *Love* and *Aumiller* consolidated case (Love, Aumiller, and Diez) as *Love*.

to 20 percent, effective December 1, 2019. This reduction also discontinued his special monthly compensation ("SMC") that he had been granted under 38 U.S.C. § 1114(s)(1). Mr. Love contends that his disability compensation has been reduced by nearly $400 each month since December 1, 2019. Mr. Love sought review of his reduction and, after the regional office upheld the reduction, he unsuccessfully appealed the decision to the Board of Veterans Appeals ("Board") and then to the Veterans Court. His appeal of his rating reduction is currently before this court. *Love v. McDonough*, No. 23-1465.

Brian Aumiller served on active duty in the Army at different times from 2002 to 2007. Mr. Aumiller was also entitled to SMC and had a total disability rating evaluation based on individual unemployability ("TDIU") in addition to ratings for other service-connected disabilities. On November 5, 2019, the Department of Veterans Affairs ("VA") notified Mr. Aumiller that his TDIU rating would be discontinued based on evidence of gainful employment. This discontinuance also affected his entitlement to SMC. He asserts that his disability compensation has been reduced by nearly $2,000 each month since May 1, 2020. Mr. Aumiller filed a Notice of Disagreement with the Board, and his appeal remains pending.

Tamora Diez served in the Navy from August 1979 to August 1999. On June 1, 2020, the VA notified Ms. Diez that her evaluation for her service-connected scar would be reduced from 10 percent disabling to 0 percent. The reduction would reduce her total service-connected disability evaluation from 80 percent to 70 percent, affecting her disability compensation. She contends that her disability compensation has been reduced by over $200 per month since September 2020. Ms. Diez filed a Notice of Disagreement, challenging the rating reduction. Her appeal remains pending.

None of these three appellants requested that the VA continue their benefits pending resolution of the question whether their benefits were properly reduced.

On March 2, 2021, Mr. Love petitioned the Veterans Court for a writ of mandamus to compel the VA to resume his payments in the pre-reduction amount, arguing that the VA could not lawfully decrease or discontinue his payments until his appeals challenging the reduction were exhausted. At that point, according to Mr. Love, the VA could seek to recover the interim payments, and the veteran could argue for waiver of the overpayment by establishing "that recovery [of the overpayment] would be against equity and good conscience." 38 U.S.C. § 5302(a)(1). Mr. Love argued that the Secretary's action, by decreasing or discontinuing the payments while his appeal was pending, was an unlawful withholding, and that mandamus is available for "compelling unlawfully withheld agency action." *Love*, J.A. 42. The Veterans Court found that there was no "basis on which we could issue a writ under the [All Writs Act] in aid of our jurisdiction." *Love v. McDonough*, 35 Vet. App. 336, 353 (2022).

On May 25, 2021, Mr. Aumiller and Ms. Diez filed a nearly identical petition. The Veterans Court stayed the proceedings for Mr. Aumiller and Ms. Diez pending the decision in *Love v. McDonough*, U.S. Vet. App. No. 21-1323. Following the *Love* decision, the Veterans Court dismissed Mr. Aumiller's and Ms. Diez's petition for lack of jurisdiction. All three claimants appealed to this court.

## II. *Lindgren v. McDonough*

James Lindgren served in the Army from 2009 to 2012. Mr. Lindgren had a service-connected disability rating of 100 percent due to post-traumatic stress disorder ("PTSD") with depressive disorder. He also was entitled to SMC. On April 16, 2021, the VA notified Mr. Lindgren that it planned to reduce his PTSD rating and discontinue his entitlement to SMC effective September 1, 2021. He contends that his disability compensation has been withheld by more than $400 each month since October 1, 2021. His appeal before the Board remains pending.

Unlike the appellants in No. 22-2285, on November 15, 2021, Mr. Lindgren submitted a demand to the VA to "immediately cease the unlawful withholding of disability compensation" or to "immediately issue a written, appealable decision regarding its determination to continue its withholding." *Lindgren*, J.A. 104. After Mr. Lindgren did not receive a response to his request, he petitioned the Veterans Court in a Petition to Compel Unlawfully Withheld Agency Action on February 25, 2022, making the same request as in the *Love* case.

The Veterans Court stayed the proceedings in *Lindgren* pending the disposition in *Love*. Following the order in *Love*, the Veterans Court dismissed in part "the petition requesting that the Court compel [the] VA to pay the petitioner at his pre-reduction rate of compensation until his appeal of the rating reduction is exhausted." *Lindgren v. McDonough*, No. 22-1154, 2022 WL 5240564, at *2 (Vet. App. Oct. 6, 2022).

The Veterans Court ordered the Secretary to respond to the portion of Mr. Lindgren's petition "that asserted that [the] VA had not acted on his November 2021 request for an appealable decision about the implementation date of his rating reduction." *Id.* at *1. The Secretary responded that the VA did not intend to act on his request until a decision regarding the merits of his rating reduction was rendered. The Secretary "thus asserted that the petitioner has not shown that [the] VA has refused to act on his request, but merely that it has not yet done so." *Id.* at *2.

The Veterans Court found that Mr. Lindgren may pursue alternative means for relief by arguing "before the [VA] that [it] should address his November 2021 request" but that "the petitioner did not ask the Court to compel [the] VA to respond to his November 2021 request." *Id.* at *3. Because there was an alternative means for relief, the Veterans Court denied Mr. Lindgren's petition. This appeal followed.

We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have "jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

### I

The sole issue before us on appeal is whether mandamus relief was available for the veterans under the All Writs Act, 28 U.S.C. § 1651(a).[2] In particular part, the Act authorizes that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Since the Veterans Court has jurisdiction to "compel action of the Secretary unlawfully withheld," 38 U.S.C. § 7261(a)(2), appellants contend that when "an agency acts incorrectly, the All Writs Act provides authority for the appellate court to issue relief." *Love*, Appellant Opening Br. 37. The veterans sought a writ of mandamus at the Veterans Court to prohibit the reduction of benefits temporarily until a final decision is rendered.

---

[2] The *Love* petitions and Mr. Lindgren's petition included two bases for jurisdiction, the All Writs Act, 28 U.S.C. § 1651(a), and the Veterans Court jurisdictional statute, 38 U.S.C. § 7252(c). But both the *Love* appellants and Mr. Lindgren concede that only the first basis is relevant on appeal. *Love*, Appellant Opening Br. 12; *Lindgren*, Appellant Opening Br. 10.

"A writ of mandamus is an 'extraordinary remedy.'" *Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) (quoting *Mukand Int'l, Ltd. v. United States*, 502 F.3d 1366, 1369 (Fed. Cir. 2007)). In order to obtain mandamus,

> (1) the petitioner must show a "clear and indisputable" right to issuance of the writ under the relevant substantive law, (2) the petitioner must have "no other adequate means" to attain the desired relief, and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."

*Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022) (quoting *Cheney v. U. S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). "[T]he party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Hargrove*, 629 F.3d at 1379 (quoting *Cheney*, 542 U.S. at 380–81). Without expressing any views as to the merits of the underlying issue, we conclude that mandamus is not available because there is an adequate remedy by appeal that appellants have chosen not to invoke.

II

In No. 22-2285, Mr. Love, Mr. Aumiller, and Ms. Diez made no claim to the VA or to the Board for entitlement to interim payments. *Love*, 35 Vet. App. at 348. In Mr. Lindgren's case, a request was made, but there was no effort to pursue the matter further when the agency failed to act. *Lindgren*, 2022 WL 5240564, at *1–2. The veterans urge that further action—i.e., an appeal of any denial of a request for interim relief—was not possible because the Board in *Lindgren* refused to rule on the request for interim relief until it decided the merits of Mr. Lindgren's rating reduction. *Love*, Appellant Reply Br. 25 ("[T]he Secretary blocked that path to appeal and forced the veteran to continue suffering . . . .").

The appellants fail to recognize that the Board is not the last word. The very purpose of the statutory provisions providing for appeal to the Veterans Court, 38 U.S.C. § 7252(a), and to this court, 38 U.S.C. § 7292(c), is to correct error by the VA. The veterans in the *Love* case could request relief from the VA. In both the *Love* and *Lindgren* cases, the failure of the VA to act or refuse to rule would support the petitions for mandamus to compel the agency to decide the case so that an appeal could be pursued. Indeed, we have routinely approved this approach in the veterans context,[3] and the Veterans Court in these cases advised the appellants of the availability of this very process.[4]

Here, despite appellants' claims at oral argument, no request was made to compel a decision by the Board, even in *Lindgren*, as the Veterans Court determined. *Lindgren*, 2022 WL 5240564, at *3 ("[T]he petitioner did not ask the Court to compel [the] VA to respond to his November 2021

---

[3]     *See Bates v. Nicholson*, 398 F.3d 1355, 1357 (Fed. Cir. 2005) (reversing and remanding with instructions to issue the writ of mandamus to direct the Board to decide the matter so that petitioner could pursue his appeal); *Cox v. West*, 149 F.3d 1360, 1366 (Fed. Cir. 1998) (vacating and remanding for the Veterans Court to decide "whether to issue a writ of mandamus compelling the Secretary and the Board . . . to issue a final decision"); *Martin v. O'Rourke*, 891 F.3d 1338, 1343 (Fed. Cir. 2018) ("Mandamus is thus an appropriate procedural vehicle to address claims of unreasonable delay . . . .").

[4]     *See Lindgren*, 2022 WL 5240564, at *3 ("If the petitioner pursues alternative means to obtain the relief he seeks and [the] VA fails to respond within a reasonable time, he may return to the Court and file a new petition."); *Love*, 35 Vet. App. at 348 ("Should Mr. Love seek a section 511(a) decision that could be appealed to the Board and then this Court . . . his ability to obtain a decision of the Secretary would involve our prospective jurisdiction.").

request."); *see also In re Tennant*, 359 F.3d 523, 528 (D.C. Cir. 2004).  If a decision had been obtained from the Board denying the requested relief, a remedy by appeal would have been available to the veterans.

## III

Any argument that the lack of a final judgment on the underlying disability claim would preclude an appeal from the denial of a request for interim relief would necessarily fail.  Finality is assessed on a claim-by-claim basis, and the question of entitlement to interim payments as a discrete benefit is a separate legal claim from the merits of an underlying rating reduction.  *See Elkins v. Gober*, 229 F.3d 1369, 1374 (Fed. Cir. 2000) ("This court has consistently recognized that the various claims of a veteran's overall 'case' may be treated as distinct for jurisdictional purposes.").  The same is true for appeals from the Board to the Veterans Court.  *Id.* at 1375 ("Our decisions are consistent with the approach adopted by the Veterans Court in treating a veteran's different claims as separately appealable matters."); *see, e.g.*, *Hamilton v. Brown*, 4 Vet. App. 528, 544 (1993).  A decision from the Board denying interim relief would be a final decision within the Veterans Court's jurisdiction.  *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) ("Our case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief.").  A decision by the Veterans Court denying relief would also be appealable.  38 U.S.C. § 7292(a).

Even if the request for interim relief were not treated as a separate claim, review in this court would be available.  Although we have "generally declined to review non-final orders of the Veterans Court," there are exceptions in limited and rare circumstances.  *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002) (quoting *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001)).  An appeal is available

> if three conditions are satisfied: (1) there must
> have been a clear and final decision of a legal issue

> that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.,* that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted).

If the veterans had appealed the question of their entitlement to interim payments while the merits of their reductions were still pending, their appeals would have fallen within this exception. The proper implementation date is a legal question separate from the proceedings, the resolution would adversely affect the veterans, and, as the veterans point out, "any relief issued once the decisions are final [would] be meaningless." *Love,* Appellant Opening Br. 19. The conditions for a non-final appeal would have been satisfied. *See, e.g.*, *Adams*, 256 F.3d at 1321.

As the government concedes, if an appeal had been taken, relief under Rule 8(a) of the Court of Veterans Appeals Rules of Practice and Procedure was also potentially available pending appeal to stay the withholding of benefits while the merits of the veterans' appeals were considered. *See Groves v. McDonough*, 34 F.4th 1074, 1081 (Fed. Cir. 2022). Similar relief from this court would be potentially available under Rule 18 of the Federal Rules of Appellate Procedure.

## IV

When, as here, there is a remedy by appeal, "[i]t is well established that mandamus is unavailable." *Wolfe*, 28 F.4th at 1357; *see also Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384–85 (1953) (explaining that mandamus "should be resorted to only where appeal is a clearly inadequate remedy" (citation omitted)). Here, much like in *Wolfe*, "[i]f [appellants] continued to follow the appeals

process prescribed in title 38, [they] would have received a Board decision appealable to the Veterans Court." 28 F.4th at 1358.

The remedy by appeal exception to mandamus applies even if a different type of mandamus order is itself necessary to create the appealable decision. *See, e.g.*, *In re Sharon Steel Corp.,* 918 F.2d 434, 438 (3d Cir. 1990) (denying a petition for mandamus when an adequate means to attain relief had been created by the issuance of mandamus on alternative grounds).

## CONCLUSION

Because there was an alternative remedy by appeal, the Veterans Court did not err in dismissing the petitions for writs of mandamus.

## **AFFIRMED**

### COSTS

No costs.