# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 23-5963

JOHN A. COOPER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENBERG, TOTH, and LAURER, *Judges.*

## O R D E R

TOTH, *Judge*, filed the opinion of the Court.

This Court has exclusive jurisdiction to review decisions from the Board of Veterans Appeals (Board) that are adverse to the appellant and are final—that is, they are not tentative or interlocutory in nature but represent the culmination of the Agency's consideration of an issue. 38 U.S.C. §§ 7252(a); 7266(a). VA regulations have long specified that a remand order from the Board stands "in the nature of a preliminary order" and so "does not constitute a final decision of the Board." 38 C.F.R. § 20.1100(b) (2024). Likewise, there stands a long line of caselaw recognizing that Board remands constitute interlocutory rulings that fall outside the Court's jurisdiction. *See Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 56 (2020) (discussing cases), *aff'd sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 U.S. App. LEXIS 33000 (Fed. Cir. Nov. 5, 2021).

Contending that the passage of the Veterans Appeals Improvement and Modernization Act (AMA), Pub. L. No. 115-55, 131 Stat. 1105 (Aug 23, 2017), so altered the legal landscape that a remand from the Board now constitutes a "final decision" sufficient to confer jurisdiction onto this Court, Air Force veteran John A. Cooper seeks to appeal a Board decision that remanded four claims. Mr. Cooper theorizes that the changes introduced by the AMA fundamentally transformed the procedures governing Board remands to such degree that they can no longer be deemed preliminary orders; instead, he contends that a remand serves as the "terminal event" to the veterans "one review on appeal" per 38 U.S.C. § 7104(a) because the remanded claim no longer returns automatically to the Board. Based on these new procedural dynamics, he asserts that a Board remand now represents a final decision in the administrative appeal over which the Court has jurisdiction. Appellant's April 24, 2024, Response at 2, 11.

Although Congress, via the AMA, effected sweeping change to VA's claims processing rules, it left conspicuously unchanged sections 7252(a) and 7266(a)—the statutory provisions setting out this Court's jurisdiction. And absent any change to the Court's jurisdictional statutes, there is no warrant to cast aside longstanding precedent instructing that remands are not final decisions and so lay beyond this Court's jurisdiction. For this reason, the Court dismisses Mr. Cooper's appeal.

## I. BACKGROUND

Mr. Cooper served in the Air Force from 1963 to 1967, including service at a Royal Thai Air Force base during the Vietnam War era. In July 2023, this Court granted a joint motion for remand (JMR) stipulating that the Board provided inadequate reasons or bases for denying four claims—an increased initial rating for prostate cancer, earlier effective dates for the grants of service connection for prostate cancer and type 2 diabetes, and an earlier effective date for special monthly compensation for the loss of use of a creative organ. In the JMR, the parties agreed that, because declassified records (specifically, a Department of Defense report from 1973 titled *Project CHECO Southeast Asia Report: Base Defense in Thailand 1968-1972*, which referenced the use of herbicides on the perimeters of military bases in Thailand) were associated with Mr. Cooper's file after his claims were first denied, "remand of the earlier effective date issues was warranted because the Board did not analyze the applicability of section 3.156(c)." June 28, 2023, JMR, docket number 23-1092, at 3 (cleaned up). Additionally, they agreed that the Board failed to reconcile "what appear to be inconsistent findings" in a 2018 VA medical exam report regarding the veteran's voiding dysfunction and use of absorbent materials (related to his increased rating claim for prostate cancer). *Id.*

When the claims returned to the Board, it remanded them so that the first-line adjudicator (the agency of original jurisdiction or "AOJ" in VA parlance) could obtain an addendum opinion from the same 2018 medical examiner to reconcile the contradictory information about the veteran's voiding dysfunction and use of absorbent materials related to his prostate cancer, as well as to "complete whatever work is deemed necessary to determine the date of declassification for 'Base Defense in Thailand' the 1973 report prepared by the Air Force as part of Project CHECO." September 11, 2023, Board Decision at 4. Mr. Cooper now appeals that remand order.

The Secretary moved to dismiss the appeal on grounds that our caselaw has long held that a Board remand is interlocutory in nature and so is not reviewable by the Court. *Gardner-Dickson*, 33 Vet.App. at 56. ("[A] nonfinal Board remand order is not a decision for purposes of section 7252"). However, Mr. Cooper argues that the cases identified by the Secretary are holdovers from the legacy system and are inapplicable to AMA cases such as his. He maintains that the AMA fundamentally altered the nature of Board remands such that they are no longer preliminary orders under § 20.1100(b). And because an AMA Board remand to the AOJ does not automatically return the disputed claims to the Board, he says that a remand acts as the terminal event to his "one review on appeal" (38 U.S.C. § 7104(a)) and constitutes a final Agency decision consistent with *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2018). Adding all this together, he asserts that the Court has jurisdiction to review the Board's remand order.

## II. ANALYSIS

In 2017, Congress overhauled VA's administrative appeals process through the passage of the AMA. The changes to VA's claims processing regime proved so sweeping that, once operative, claims adjudicated under the previous statutory scheme became known as "legacy" appeals, as distinct from claims administered under the AMA procedures.

2

We begin our analysis by examining one provision that Congress did *not* alter, namely 38 U.S.C. § 511(a), which serves as the touchstone for all jurisdictional questions relating to veterans benefits. That provision grants jurisdiction to the Secretary to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." *Id.* In plain terms, section 511 essentially strips jurisdiction from all tribunals—with this Court among the notable exceptions—and instead reserves to the Secretary subject matter jurisdiction to adjudicate matters related to veterans benefits. By leaving section 511 unchanged, Congress clearly signaled that, notwithstanding the sweeping changes, the AMA neither expanded nor limited the subject matter the Secretary is authorized to adjudicate.

The Board, in turn, serves as an agent of the Secretary with respect to intra-agency appeals and is authorized to issue a final decision on behalf of the Secretary as to all questions of law or fact necessary to the resolution of a claim on appeal. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1346-47 (Fed. Cir. 2003) ("By statute, the Board is an agent of the Secretary…"). To that end, 38 U.S.C. § 7104(a), which establishes the Board's jurisdiction, provides that all questions under section 511(a) "subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." Section 7104(a) also provides that: a "[f[inal decision on such appeals shall be made by the Board." Inherent in the Board's authority to decide appeals is a duty to assist and develop the record impartially when necessary. *See Shoffner v. Principi*, 16 Vet.App. 208, 213 (2002) (holding that the Secretary may decide when additional evidence is necessary); *Douglas v. Shinseki*, 23 Vet.App. 19, 22-23 (2009) (describing the Secretary's authority to develop a claim); *see also Mariano v. Principi*, 17 Vet.App. 305, 312 (2003) (holding that it would be improper for the Secretary to purposely obtain evidence against a claim). While in the AMA Congress narrowed the Board's focus on when it had to assist a claimant, it also generally allowed the Board to approach how it developed the record, as it had under the legacy system. *Compare* 38 U.S.C. § 5103A(e) *with* 38 U.S.C. § 5103A(f). That is, Congress largely endorsed the need for the Board to assist claimants and its authority to remand and develop a claim. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 176 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts."). Tying all this together, this Court has held that "a 'final decision' of the Board involves reviewing and deciding questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." *Clark v. McDonough*, 35 Vet.App. 317, 322 (2022) (quoting 38 U.S.C. § 511(a)).

## A. Legacy versus AMA

Under both the legacy and AMA systems, the claimant has a right to "one review on appeal to the Secretary" and the Board completes such review. 38 U.S.C. § 7104. The systems differ vastly, however, in the procedures through which a claimant obtains "one review on appeal." Under the legacy system, the administrative appeals process followed a linear path such that a claimant who sought to have a case reviewed by the Board was required to follow the same route and make the same stops along the way: first, receive a rating decision; second, file a Notice of Disagreement (NOD); third, receive a Statement of the Case (SOC); and fourth, file a Substantive Appeal to the Board. *See* 38 C.F.R., Part 19 (2024). Because all claimants followed the same procedural road with no exits, a significant and permanent, backlog arose—indeed, a giant metaphorical traffic jam—which Congress sought to alleviate with the AMA.

The AMA sought to redress the backlog by allowing claimants several options after receiving a rating decision. Now, following receipt of a rating decision, a claimant was no longer funneled into a single review lane but could choose among several paths, including: (1) filing a supplemental claim and keeping the case before a lower-level adjudicator at the AOJ; (2) filing a request for higher-level review and keeping the case at the AOJ but placing it before a more experienced adjudicator; or (3) filing a Board appeal. 38 C.F.R. § 3.2500(a) (2024).

The AMA also revised procedures governing remands from the Board to the AOJ. Under the legacy system, the Board retained jurisdiction even after the remand; the claim would return to the Board automatically so it could review the AOJ's compliance with its remand order and issue a final decision on the claim. 38 C.F.R. § 19.38 (2024). By contrast, under the AMA, the Board no longer retains jurisdiction over remanded claims; instead, VA regulation directs that a case "will not be returned to the Board following the [AOJ's] readjudication of an appeal previously remanded by the Board . . . *unless the claimant files a new Notice of Disagreement*." 38 C.F.R. § 20.800(e) (2024) (emphasis added). Now, under the AMA, a Board remand results in a new rating decision from the AOJ, and the veteran must then file a new appeal to the Board to return that claim to the Board.

Tying this together—and advancing the traffic analogy—under the legacy system, once the Board remanded a claim to the AOJ for additional development, the claimant wasn't required to jump back in the same lane to have the claim reviewed anew by the Board. Instead, the claim was automatically sent back to the Board via the express lane, bypassing all the other claims still awaiting initial consideration by the Board. By contrast, under the AMA, when the Board remands a claim, it directs the AOJ to issue a new decision that complies with the Board's remand order. Once it issues the remand, the Board cedes control, and the AOJ takes over the claim. 38 C.F.R. § 3.2502(a) (2024) ("Upon receipt of a returned claim from a higher-level adjudicator or remand by the Board of Veterans' Appeals, the [AOJ] will expeditiously readjudicate the claim in accordance with 38 U.S.C. § 5109B. The [AOJ] retains jurisdiction of the claim.").

What all this amounts to is that, under the AMA, once the AOJ has issued a new decision, the claimant must file a *new appeal* to return to the same lane leading to the Board; further, the claim no longer bypasses others in the queue.[*] (It must also be noted that, although a remanded claim in the AMA does not automatically return to the Board, a claimant has a right to return that claim to the Board repeatedly, so long as the claimant continuously pursues the claim. *See* 38 C.F.R. § 3.2500(a), (c)).

Mr. Cooper orients his arguments around these changes, most notably that remands no longer return automatically to the Board under the AMA. He maintains that, absent such automatic return, a remand from the Board now represents the terminal event in the lifecycle of a standard administrative claim and so marks the final decision of the Board sufficient to confer jurisdiction onto this Court. For this reason, any precedent prohibiting review of Board remands must be read

---

[*] The Court notes, however, that the 118th Congress introduced House Resolution 7793 to amend section 7107(a) to say that "with respect to a case pertaining to a continuously pursued claim for benefits . . . that was previously remanded by the Board to the Secretary, and for which an appellant has filed a subsequent notice of disagreement . . . such case is—(A) treated as if such case *was assigned to a docket . . . on the date on which the initial notice of disagreement was filed*." H.R. 7793, 118th Cong., 2d Sess. (2024) (emphasis added).

4

as applying only to Board remands under the legacy system and not to AMA cases. We examine this argument in light of the Court's jurisdiction.

### B. The Court's Jurisdiction and Remand Orders (Legacy)

A long line of cases from this Court and the Federal Circuit interprets sections 7252 and 7266 to collectively require a claimant seeking to appeal an issue to the Court to first obtain a final Board decision on that issue. *Hampton v. Gober,* 10 Vet.App. 481, 483 (1997); *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998); *Breedon v. Principi*, 17 Vet.App. 475, 478 (2004). Notably, what constitutes a decision and what renders a decision "final" are interdependent concepts. In administrative law, a "final decision" bears two discrete characteristics: (1) it is not tentative or interlocutory in nature but instead marks the "consummation" of the agency's decision-making process; and (2) it is one by which "rights or obligations have been determined" or from which "legal consequences flow." *Smith v. Berryhill*, 587 U.S. 471, 481 (2019). So, a final decision, the Supreme Court has explained, is one that represents the "terminal event" of the agency's consideration of the matter, *id.* at 479, and wherein "rights or obligations" are "determined." *Sackett v. E.P.A.*, 566 U.S. 120, 126 (2012).

It's not a coincidence that notions of finality go hand-in-hand with the question of what constitutes a decision capable of judicial review. The Supreme Court has long recognized that preliminary decisions are not subject to judicial review "unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." *Chicago & Southern Air Lines v. Waterman S. S. Corp.*, 333 U.S. 103, 112-13 (1948). This guidance recognizes that an agency may, at various stages of its consideration of an issue, entertain different, even conflicting, views on the evidence of record or legal issue before arriving at a definitive position that determines the rights of affected parties and serves as the agency's final word on the matter. It is only the *final decision*, and not the various preliminary rulings, that definitively establishes legal rights and obligations and which the agency is obligated to defend in a federal court. *See Bennet v. Spear*, 520 U.S. 154, 174 (1997).

Although we have never employed this precise framework, our caselaw has long tracked this two-fold definition closely. As to finality, we have always interpreted section 7266 as prohibiting the Court from reviewing Board remands due to their tentative, interlocutory nature. *See e.g. Gardner-Dickson* 33 Vet.App. at 56; *Adams v. West*, 13 Vet.App. 453, 454 (2000) (A Board remand is "not a final decision ripe for review."). Likewise, our precedent has consistently recognized VA's governing regulation, 38 C.F.R. § 20.1100(b), which remains unchanged over the last decade, as establishing that Board remands are non-final. Thus, in *Howard v. Gober*, the Federal Circuit noted that under such regulation, a "remand is in the nature of a preliminary order and does not constitute a final decision of the Board." 220 F.3d 1341, 1344 (Fed. Cir. 2000). For that reason, a Board "remand does not constitute a final decision that may be appealed" to the Court. *Id*.

The reluctance to review non-final decisions makes practical sense. As noted, under statute, the Board serves as an agent of the Secretary, issuing final decisions, but more importantly explaining the legal and factual justifications the Secretary relied on to arrive at such decisions. *See Disabled Am. Veterans*, 327 F.3d at 1346-47. To that end, "the Board decision is deemed the

5

'final and conclusive' determination of the Secretary as to any discrete issue decided therein." *Encarnacion v. McDonough*, 38 Vet.App. 194, 200 (2023) (quoting section 511(a)). Because such authority is reserved exclusively to the Board, any remand or referral to a subordinate department within VA does not serve as a "terminal event." And because any ruling rendered by a lower VA adjudicator, if adverse, is necessarily subject to Board review, it cannot be deemed "final" for purposes of this Court's review.

(Note: Whether a decision is "final" with respect to VA's consideration of the issue and the Court's concomitant jurisdiction to review it, is a distinct notion from whether a decision is "final" insofar as the time to file an intra-agency appeal for such decision has expired. Here, we address only finality as it relates to this Court's jurisdiction and not with respect to the status of non-appealed VA decisions).

As to substance, governing caselaw has consistently interpreted the phrase "decision of the Board" in section 7252 as involving an adjudication with respect to the grant or denial of benefits. Thus, in *Maggitt*, the Federal Circuit noted that this Court's jurisdiction is triggered by the Board's decision on a claim, not merely arguments in support of the claim. 202 F.3d at 1376. The Federal Circuit instructed that a "decision of the Board for the purposes of the Veteran's Court's jurisdiction under section 7252, is the decision with respect to the benefit sought" and that "those benefits are either granted . . . or they are denied." *Id.* To be sure, this Court has jurisdiction to review adverse procedural rulings by the Board, provided the determination is final and is attendant to the denial of a claim (or the granting of less than full benefits on a claim). *See, e.g., Ferko v. McDonough*, 37 Vet.App. 262 (2024) (en banc) (reviewing a Board decision dismissing an NOD as untimely that sought to challenge denial of claims).

Remands have historically been viewed as missing the mark on both fronts: Because they necessarily contemplate future litigation, remands have been viewed as non-final and as falling short of effecting a grant or denial of benefits. Thus, in *Breeden v. Principi*, this Court rejected an appeal of a Board remand, which the veteran contended contained a final decision as to two elements (combat status and in-service stressor), explaining that "the Board's remand did not finally determine either of those *issues* much less finally rule upon *the benefits sought* by the veteran." 17 Vet.App. 475, 478 (2004) (emphasis added). The Court's holding looked closely at the difference between a decision on an *issue* and a decision on a *claim*, noting that *Maggitt* defined a final decision "with respect to the benefit sought" (i.e., the claim) and not with respect to issues or arguments related to the claim. And where the Board has not issued a final decision on the benefit sought (the claim), there can be no final decision on any issues or arguments related to that claim. *Id.*

That remands fall short of constituting decisions has been reiterated several times in our caselaw. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); *Clark*, 35 Vet.App. at 317; *Gardner-Dickson*, 33 Vet.App. at 56. And although this Court in *Young v. Shinseki*, 25 Vet.App. 201 (2012) recognized that this Court possesses jurisdiction over the Board's decision to refer or remand part of a claim for benefits if other parts of that claim were finally granted or denied, the Court has consistently held that there must be the jurisdictional hook of a final claim for the Court to review other aspects of the claim.

6

### C. The Court's Jurisdiction and Remand Orders (AMA)

Which brings us to the AMA. Mr. Cooper contends that the above caselaw does not apply to AMA cases due to the sweeping procedural changes to VA's administrative processes effected by the statute. But despite the overhaul of VA's administrative appeals process, the AMA made no changes to the Court's jurisdictional statute. This is significant. "If Congress had intended the court's jurisdiction to be broader than that conferred by 38 U.S.C. § 7252(a), Congress would have expressed that intention legislatively." *Wick v. Brown (In re Wick)*, 40 F.3d 367, 373 (Fed. Cir. 1994). "'Only the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the "plain meaning" of the statutory language.'" *Love v. McDonough*, 35 Vet.App. 336, 351 (2022) (quoting *Talley v Derwinski*, 2 Vet.App. 282, 286 (1992)), *aff'd,* 100 F.4th 1388, 1394 (Fed. Cir. 2024).

However extensive the changes to VA's claims processing regime effectuated by the AMA may be, none directly implicates the factors governing how this Court assesses its jurisdiction, namely: (1) whether a ruling constitutes a decision per section 7252; (2) whether it is "final" per section 7266; and (3) whether it is adverse. Hence, although Mr. Cooper contends that we need to reframe our inquiry to assess finality solely through the veteran's right to "one review on appeal to the Secretary" under section 7104, it's not clear how even the most sweeping changes to VA's claims processing regime could transform the nature of an administrative remand order in such manner as to render it capable of satisfying those three requirements.

The Board's remand order here squares with Congress's instructions under the AMA to correct duty to assist errors. 38 U.S.C. § 5103A(f). What's more, the appellant does not allege the development is improper or beyond the Secretary's authority. *See Douglas*, 23 Vet.App. at 22-23; *Mariano*, 17 Vet.App. at 312; *Shoffner*, 16 Vet.App. at 213. In short, the Board is allowed under the AMA to develop appellant's claims, and, based on the July 2023 JMR he all but endorsed the Board's development. So VA must assist the appellant and then decide his claims with a fuller record. All told, the appellant fails to show how, under the AMA, the Court has jurisdiction to review claims still in progress with the Secretary.

We noted earlier that the elements of a final decision were interdependent and this fact becomes fully apparent when pressed into service evaluating whether the Board remand in Mr. Cooper's case constitute final decisions. The insuperable obstacle to Mr. Cooper's argument is that, no matter how one slices it procedurally, a remand necessarily contemplates future litigation within the Agency and so neither marks the consummation of the Agency's decision-making process nor determines legal rights via the grant or denial of a claim. Thus, a remand falls short on all three counts: it requires future litigation and so is non-final; it doesn't involve the grant or denial of a claim; and, aside from delay (the remedy for which is a mandamus petition), it's not adverse as there's no denial of benefits.

"Finality is assessed on a claim-by-claim basis." *Love*, 100 F.4th at 1394. As to Mr. Cooper's 2023 Board remand, there is no part of that decision that granted or denied benefits: the Board was clear that remand was required for the AOJ to conduct the necessary historical research tied to the submitted Project CHECO report agreed upon by the parties in the JMR. The remand order in question here clearly contemplates future development and litigation by the Agency to

7

decide Mr. Cooper's claim for benefits. For this reason, we have no basis to regard the remand order as a final decision for purposes of this Court's jurisdiction under sections 7252 and 7266. None of the procedural changes addressed by Mr. Cooper alter the longstanding caselaw setting out what constitutes a final decision under sections 7252 and 7266. *See e.g., Maggitt,* 202 F.3d at 1376; *Breeden*, 17 Vet.App. at 478; *Adams*, 13 Vet.App. at 454. We remain bound by such cases. Nor do we regard any changes in VA's implementing regulations as affecting the jurisdiction of VA or this Court. *See Hall v. McDonough*, 34 Vet.App. 329, 333 (2021) (noting that "regulations are not jurisdictional in nature as only Congress may confer or withdraw jurisdiction.").

The Court acknowledges the appellant's concerns about excessive or unnecessary Board remands. On that point, we note that if a claimant believes that VA is unlawfully avoiding or unreasonably delaying issuing a final decision on a claim, the appropriate avenue for relief is to file a petition for extraordinary relief under the All Writs Act. *See* 28 U.S.C. § 1651. And "concerns about improper delay or potential frustration of the Court's appellate jurisdiction go to the merits of a petition for extraordinary relief." *Clark*, 35 Vet.App. at 324. Otherwise, in the event he receives an adverse final ruling from the Board, Mr. Cooper can argue to this Court that the Board clearly erred in unnecessarily remanding his claim and not granting the maximum benefit sought.

Because Congress did not revise this Court's jurisdictional statutes when passing the AMA, we discern no reason to depart from well-established precedent interpreting this Court's jurisdictional statute. Dismissal of this appeal is warranted for lack of jurisdiction.

Upon consideration of the foregoing, it is

ORDERED that the stay of proceedings is LIFTED, and it is further

ORDERED that the Secretary's November 30, 2023, motion to dismiss is granted and the appeal is DISMISSED.

DATED: September 18, 2024                                        PER CURIAM.