NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2025-1300

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-5450, Judge William S. Greenberg.

_____

Decided:  July 8, 2025

_____

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

THOMAS J. ADAIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by MICHAEL GRANSTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

_____

Before LOURIE, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Rashid El Malik appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his request for a writ of mandamus ordering the Department of Veteran's Affairs ("VA") to comply with an April 7, 2022 Board of Veteran's Appeals ("Board") decision. Because we lack jurisdiction to hear portions of this appeal, we dismiss-in-part. On the issue within our jurisdiction, we affirm.

I

Mr. El Malik is a disabled veteran who was awarded certain home modifications under the Veteran Readiness and Employment ("VR&E") living plan. A modification of his award, which included, in pertinent part, installation of hardwood flooring in his home and a light in his garage, was outlined in an April 7, 2022 Board decision. Appx. 1-5.[1]

The modification project for Mr. El Malik's home began in June 2018, and as of May 2022 at least eleven modifications had been successfully completed. Appx. 81. To date, the cost of these modifications has exceeded $685,000. Appx. 99. Notwithstanding this progress, Mr. El Malik has repeatedly petitioned the Veterans Court for a writ of mandamus directing the VA to implement the Board's April 2022 decision. The present case is Mr. El Malik's third appeal to this Court on the exact same issue: denial of a writ seeking an order to implement the Board's April 2022 decision. *See El Malik v. McDonough*, Case Nos. 2023-1684, 2023-2279 (consolidated), 2024 WL 1109263 (Fed. Cir.

---

[1]    "Appx." refers to the Government's Corrected Appendix, Volumes I and II, which can be found at ECF. Nos. 13-1 and 13-2, respectively.

2024). As Mr. El Malik did in his prior appeals, he again argues that the Veterans Court erred in denying his petition for a writ of mandamus he contends is justified by the VA's continued failure to implement the Board's April 2022 decision, resulting in unreasonable delay, and VA's reliance on purported mischaracterizations of fact. Open. Br. at 10-15. We concluded in connection with each of Mr. El Malik's prior appeals that we lacked jurisdiction to decide the majority of the issues Mr. El Malik raised. *El Malik*, 2024 WL 1109263, at *1.

## II

Our jurisdiction to review mandamus decisions of the Veterans Court is limited. *Id.* at *3; *see also Love v. McDonough*, 100 F.4th 1388, 1392 (Fed. Cir. 2024). "Although we have jurisdiction to 'decide all relevant questions of law, including interpreting constitutional and statutory provisions,' 38 U.S.C. § 7292(d)(1), we 'may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case,' *id.* § 7292(d)(2)." *Id.*

Mr. El Malik again argues that the VA is engaged in a pattern of violating Board orders and ignoring congressional communications regarding implementation of his VR&E award. Open. Br. at 5. The Veterans Court, however, considered this contention and ultimately determined there was "no evidence that the Secretary is refusing to implement the April 2022 Board decision" and, thus, "[t]he issue appears to be confusion over the procurement process with [Special Adaptive Housing]." Appx. 5. We lack jurisdiction to review this factual determination. *See El Malik*, 2024 WL 1109263, at *4 ("The court based its denial of writ on Mr. El Malik's failure to demonstrate that the VA refused to comply with the Board's April 2022 order. We thus discern no . . . issue appropriate for our review in these appeals."). While we may review fact issues in connection with constitutional challenges, we may not do so where, as

here, the constitutional challenge is not genuine but, instead, frivolous. *See Love*, 100 F.4th at 1392 ("We have jurisdiction to review the Veterans Court's decision whether to grant a mandamus petition that raises a non-frivolous legal question.") (internal citation and punctuation omitted). Although Mr. El Malik alleges VA is violating his constitutional right to due process, *see* Open. Br. at 2, 6, 11, his claim is frivolous. *See El Malik*, 2024 WL 1109263, at *3-4 ("[Mr. El Malik] does not raise a constitutional challenge that confers on us jurisdiction that we otherwise lack.") (internal quotation marks omitted). Accordingly, we lack jurisdiction over these claims.

Mr. El Malik's appeal does raise one issue within our jurisdiction, namely, a purported violation of the VA's finality rule. Open. Br. at 10-11. On this issue, we affirm the Veterans Court's dismissal, as res judicata bars Mr. El Malik from again litigating this already-resolved dispute. *See, e.g.*, *Sharp Kabushiki Kaisha v. ThinkSharp, Inc.*, 448 F.3d 1368, 1370 (Fed. Cir. 2006) ("Res judicata . . . refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.") (citing *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see also El Malik*, 2024 WL 1109263, at *3 (rejecting an identical finality challenge as the one Mr. El Malik presses here).

Accordingly, Mr. El Malik's appeal is affirmed-in-part and dismissed-in-part.

## III

In its response, the government asks this court to "take appropriate actions" to prevent "further abuse of the legal process" by Mr. El Malik. Resp. Br. 2. In support of its request, the government cites our most recent decision addressing identical issues to those Mr. El Malik again raises in this appeal. *El Malik*, 2024 WL 1109263, at *3 n.4 (noting Mr. El Malik has filed 17 suits against VA that have been appealed to this court and dismissing for at least the

second time, an appeal relating to implementation of his VR&E award); *see also* Resp. Br. at 10 (listing prior appeals). In that opinion, we cautioned Mr. El Malik against "rais[ing] this issue yet again in another appeal from a denial of a petition of a writ of mandamus" warning him that "[t]his court has previously sanctioned pro se petitioners who have attempted to relitigate previously adjudicated issues," including by "imposing the opposing party's attorneys fees" and "requiring individuals to seek leave from the court before filing any future appeal." *Id.*

Mr. El Malik disregarded our warning by filing this duplicative appeal. Thus, the government suggests "it may be time for this Court to consider appropriate action given Mr. El Malik's apparent disregard of the Court's prior warnings," although it does not take a position on what sanctions would be appropriate. Resp. Br. at 2. Considering the totality of the circumstances, including Mr. El Malik's repeated relitigation of the same issue despite our warnings, on the one hand, and his status as a disabled veteran on the other, we have concluded it is appropriate to require Mr. El Malik to obtain court approval to file any new notices of appeal. *See Constant v. United States*, 929 F.2d 654, 659 (Fed. Cir. 1991) (explaining that court had concluded it "cannot assume the papers [appellant] may hereafter file . . . will be well-founded and presented in good faith"). We will today issue a restrictive filing order instructing the Clerk of Court to require Mr. El Malik to obtain leave consistent with what we have set out here from this point forward.

## IV

We have considered Mr. El Malik's remaining arguments and find they lack merit. Because we lack jurisdiction to review all but one of Mr. El Malik's challenges to the Veterans Court's denial of a writ of mandamus and his remaining challenge is barred by res judicata, we affirm-in-part and dismiss-in-part. Because this appeal is

6                                          EL MALIK v. COLLINS

duplicative and frivolous, Mr. El Malik is sanctioned and the court will enter a restrictive filing order.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.