NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re RICHARD CORNELIUS JACKSON,**

*Petitioner*

---

2026-109

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in Nos. CH-4324-24-0565-I-1 and CH-4324-24-0565-I-2.

---

**ON PETITION**

---

Before STOLL, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

### O R D E R

Richard Cornelius Jackson petitions for a writ of mandamus directing the Merit Systems Protection Board to, inter alia, order discovery and sanction the employing agency in his pending case asserting rights under the Uniformed Services Employment and Reemployment Rights Act.

A writ of mandamus is an extraordinary remedy and may only issue if petitioner has shown a clear and indisputable right to relief and there are no other adequate means to attain the relief desired—"a condition designed to

ensure that the writ will not be used as a substitute for the regular appeals process." *Love v. McDonough*, 100 F.4th 1388, 1393 (Fed. Cir. 2024) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). Mr. Jackson has not met this demanding standard as to his requests for sanctions and discovery at least because he can raise such challenges either to the Board after an initial decision or to this court once there is a final decision.

Mr. Jackson also argues that the administrative judge "abused her discretion in refusing to process" the appeal "within the 120-day standard," ECF No. 2 at 8, and "has unreasonably delayed" acting on his appeal, *id*. at 17. To the extent that he relies on 5 U.S.C. § 7702(a)(1), *see* ECF No. 2 at 32 (Board notice referring to § 7702(a)(1)), his reliance is misplaced. That provision is expressly limited to so-called mixed cases, which does not cover Mr. Jackson's case, and merely permits the filing of a district court case if no judicially reviewable Board decision is reached within 120 days. *See id.* (stating that "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action"); § 7702(e)(1). More generally, we cannot say Mr. Jackson has shown that any delay in handling his appeal has been so egregious as to warrant mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 27, 2026
Date