NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re CARL EDWARD JOHNSON,**

*Petitioner*

---

2026-137

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in Nos. 25-9113 and 26-1524.

---

## ON PETITION AND MOTION

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

### O R D E R

Carl Edward Johnson files a petition for a writ of mandamus and "motion for order to show cause" regarding pending claims for benefits from the Department of Veterans Affairs.[1]   ECF No. 2 at 4.   Among other things, he

---

[1]    Mr. Johnson is presently briefing an appeal (No. 2025-9113) at the United States Court of Appeals for Veterans Claims concerning a December 2025 rating decision. His related mandamus petition (No. 2026-1524) at the

asserts improper withholding of agency records, improper splitting of his claims into "fragmented 'docketed s[h]eets'," and allowing the filing of an unauthorized brief. *Id.* He seeks, *inter alia*, to compel the consolidation of the record, correct his dockets, and immediately execute a remand order.

A writ of mandamus is an extraordinary remedy and may only issue if petitioner has shown a "clear and indisputable" right to relief and that there are "no other adequate means" to attain the relief desired—"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Love v. McDonough*, 100 F.4th 1388, 1393 (Fed. Cir. 2024) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). Mr. Johnson has not met this demanding standard at least because he has not shown that mandamus is the only adequate means to obtain relief. He can seek relief at the United States Court of Appeals for Veterans Claims and from this court by regular appeal, if warranted, after the Court of Appeals for Veterans Claims issues a decision. And, to the extent Mr. Johnson has sought such relief, he has not shown that any delay in handling his cases has been so egregious as to warrant mandamus relief.

Accordingly,

---

Court of Appeals for Veterans Claims was recently denied after the filing of this mandamus petition.

IN RE JOHNSON                                                                    3

IT IS ORDERED THAT:

(1) The petition is denied.

(2) All pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 10, 2026
Date